Richard L. Manion, Plaintiff-Appellant, v. Chicago, Rock Island and Pacific Railroad Company, Defendant-Appellee. J. I. Case Company, Intervenor-Appellee.

Gen. No. 10,722.

Opinion filed February 10, 1954. Rehearing denied and opinion modified June 3, 1954. Released for publication June 3, 1954.

STEWART & LYTTON, of East Moline, and ROBERT G. GRAHAM, of Moline, for appellant.

SINNETT & BRITTON, of Rock Island, for defendant-appellee. HUBER, REIDY & KATZ, of Rock Island, for intervenor-appellee; C. C. McANDREWS, and ISADOR I. KATZ, both of Rock Island, of counsel.

MR. JUSTICE DOVE delivered the opinion of the court.

On November 14, 1949 Richard L. Manion, an employee of J. I. Case Company, while driving his employer's automobile over an interplant railroad crossing of the Chicago, Rock Island and Pacific Railroad

Company was struck by an engine owned and operated by the Railroad Company as a result of which he sustained severe personal injuries. Manion and his employer, the Case Company, were operating under the Workmen's Compensation Act of this State and the locomotive of the Railroad Company was being operated by its employees in interstate commerce.

On May 18, 1950, Mr. Manion filed this action against the Railroad Company in the circuit court of Rock Island county to recover damages for the injuries he sustained. In his complaint he alleged his own due care and charged the Railroad Company with negligence and enumerated various acts and omissions of the defendant which he charged directly and proximately caused the injuries which plaintiff suffered. The answer of the defendant denied all the allegations of negligence and affirmatively charged that the injuries which the plaintiff suffered were the direct and proximate result of the carelessness, negligence and recklessness of the plaintiff. The answer then set forth that the defendant was under the Workmen's Compensation Act of this State and that the collision and resulting injuries to plaintiff arose out of a risk connected with, and during, the course of his employment; that the plaintiff had received and would receive compensation from his' employer under the Workmen's Compensation Act, and therefore plaintiff's right to recover from the defendant was transferred to his employer, the J. I. Case Company for the amount of compensation awarded or paid to the plaintiff. The plaintiff filed a reply in which he denied the allegations of defendant's answer. Upon a trial of the issues made by the pleadings had on November 1, 1951 a verdict for $12,500 in favor of the plaintiff and against the defendant was returned upon which an appropriate judgment was rendered on November 17, 1951.

193

On May 23, 1950 the plaintiff, by proper written notice, advised his employer, the J. I. Case Company that he had filed suit against the Railroad Company and referred his employer to the complaint which he had filed in the circuit court of Rock Island county on May 18, 1950. On the same day the jury returned its verdict that is, November 1, 1951, the J. I. Case Company filed in the circuit court its notice of claim of lien upon any judgment, funds or settlements in the case for the sum of $8,237.76 being the amount of compensation it had paid to the plaintiff under the Workmen's Compensation Act.

On December 28, 1951 the Case Company, as plaintiff's employer, filed its motion or petition in this cause praying that it may be permitted to join in plaintiff's action, as his employer, and for the entry of an order directing that out of any judgment paid, recovery had or settlement made by defendant to or with the plaintiff, that it, the Case Company, be paid the amount of its claim, $8,237.76. A motion of the plaintiff, Manion, to strike this petition was denied, and he filed an answer thereto in which he denied that the Case Company was entitled to the relief it sought because the injury which he, Manion, sustained was proximately caused by the negligence of his employer, the petitioner, and by its employees. The answer also alleged that the judgment which plaintiff had obtained was subject to a lien of his attorneys for legal service; that their lien is paramount to the claim, if any, of plaintiff's employer and that even if the Case Company is allowed to recover on its claim, such recovery should be subject to the payment of a just and equitable proportion of the costs and attorney fees incurred or expended in the prosecution of plaintiff's action.

On December 28, 1951 the Railroad filed its motion which recited the steps which had theretofore been taken in the case including the fact that on April 7,

1950 the attorney for the plaintiff had served upon the Railroad Company, a notice of attorney's lien claiming one-third of whatever amount may be recovered by the plaintiff and praying for an order fixing the amount the Railroad Company should pay to the J. I. Case Company and the amount it should be required to pay Richard H. Manion. This motion stated that the Railroad Company was ready and willing to pay the judgment, interest and costs but desired the court to first determine the conflicting demands of the several claimants thereto.

The trial court sustained the motion of the Case Company to strike the answer of plaintiff to its verified petition. Thereupon the plaintiff, Manion, elected to stand by its answer and an order was entered granting the prayer of the verified petition of the J. I. Case Company and permitting it to join in plaintiff's action and directing that out of the judgment theretofore rendered, the defendant, Railroad Company, should first pay to the J. I. Case Company the sum of $8,237.76 and then pay the balance of the judgment to the plaintiff. To reverse this order Richard Manion perfected an appeal to the Supreme Court and that court, without opinion, transferred the cause to this court.

It is insisted by counsel for appellant that under section 29 [Ill. Rev. Stats. 1949, ch. 48, § 166; Jones Ill. Stats. Ann. 143.44] of the Workmen's Compensation Act the employer is only entitled to reimbursement from the plaintiff where it is shown that both the employer and the employees of the employer were not guilty of negligence which was the proximate cause of plaintiff's injuries; that the purpose of section 29 is to require the indemnification of a non-negligent employer who is without fault out of the money recovered from a negligent third party and that by striking appellant's answer to the motion or petition

195

of the employer the trial court, in the instant case, shut off appellant's right to an adjudication of the negligence of plaintiff's employer, the Case Company. Counsel argue that there was no issue in the case between the plaintiff and the Railroad Company involving the employer's negligence and that question became material and can come into play only when the employer seeks to be indemnified out of the employee's recovery against the third-party wrongdoer.

Counsel for appellee, the J. I. Case Company, insist that the verdict of the jury and the judgment entered thereon conclusively establishes that the sole and proximate cause of the injuries which Manion sustained was the Railroad Company and that, therefore, the Case Company, Manion's employer, cannot be guilty of negligence causing the injury.

The applicable provisions of the Workmen's Compensation Act upon which the Case Company's right to be indemnified depends provides:

"Where an injury or death for which compensation is payable by the employer under this Act was not proximately caused by the negligence of the employer or his employees, and was caused under circumstances creating a legal liability for damages in some person other than the employer to pay damages, . . . then the right of the employee or personal representative to recover against such other person shall be transferred to his employer and such employer may bring legal proceedings against such other person to recover the damages sustained, in an amount not exceeding the aggregate amount of compensation payable under this Act, by reason of the injury or death of such employee. . . .

"If the injured employee . . . shall . . . accept from the employer any payment on account of such compensation . . . the said employer may have or

claim a lien upon any . . . judgment . . . out of which such employee might be compensated from such third party.

"In such actions brought by the employee or his personal representative, he shall forthwith notify his employer by personal service or registered mail, of such fact and of the name of the court in which such suit is brought, filing proof thereof in such action. The employer may, at any time thereafter join in such action upon his motion so that all orders of court after hearing and judgment shall be made for his protection . . ." (Ill. Rev. Stat. 1949, chap. 48, par. 166 [Jones Ill. Stats. Ann. 143.44]).

In *F. K. Ketler Company v. Industrial Commission,* 392 Ill. 564, cited and relied upon by appellant, it appeared that Wm. J. Parker, an employee of the F. K. Ketler Company, was killed on October 23, 1941, as a result of an accidental injury arising out of and in the course of his employment while engaged as a pile driver on a construction project for the Chicago, Rock Island and Pacific Railroad Company. On October 21, 1942, Parker's widow filed an application for adjustment of claim under the Workmen's Compensation Act, but, prior thereto, she, as administratrix of her husband's estate, began a common-law action for damages in the circuit court of Peoria county against the railroad company under the Federal Employer's Liability Act. The action against the railroad company was settled sometime subsequent to October 28, 1942, the railroad company paying Mrs. Parker $4,000.

Upon the hearing of the compensation claim, the arbitrator found that there was due the widow for the support of herself and minor child the sum of $4,895 from the Ketler Company; that $4,000 had previously been paid on account of the death of Parker by the railroad company, and ordered that sum credited on the total amount of compensation payable. On review

by the Commission, the credit of $4,000 was disallowed, and the Ketler Company was ordered to pay the full amount of $4,895. This decision of the Industrial Commission was confirmed by the circuit court, and in reviewing the record the Supreme Court set forth the pertinent statutory provisions of section 29 of the Workmen's Compensation Act and on pages 571–2 said: "There is no question but that the legislature in enacting section 29, did so for the purpose of protecting and reimbursing a non-negligent employer for compensation payments to one of his employees, made necessary by the intervening negligence of a third party. (Citing cases.) Likewise it is clear that the fact of recovery by way of settlement rather than by judgment will not prevent the operation of section 29 for the benefit of the compensation-paying employer. In the application of section 29 to the facts of the case at bar we are faced with the two statutory conditions precedent, first, freedom from negligence on the part of the employer and his employees, and, second, the presence of a legal liability for damages on the part of the third party. While we feel that there is considerable merit to the plaintiff in error's contention that one of the purposes behind section 29 was to prevent a double recovery for the same accident, nevertheless, the act as now written clearly and positively states that the injury or death must not be proximately caused by the negligence of the employer or his employee and must be caused under circumstances creating a legal liability in another. As above stated, the facts in this case not only show that the accident to Parker was caused by the negligence of an employee of the Ketler company but also that the employees of the railway company were not even remotely connected with the incident. We have examined all of the cases cited by the petitioner, both in this State and other jurisdictions. In

198

every single instance where the employer was allowed credit, the facts affirmatively show or the opinion assumes that the employer and his employees were free from negligence and that there was negligence on the part of the third party. While it may well be that the legislature intended to prevent double recovery in any case, nevertheless, to construe section 29 as allowing the employer credit under the facts in this case would be doing violence to the plain language of the act."

In *O'Brien v. Chicago City Ry. Co.*, 305 Ill. 244, at pages 252–3, it was stated that the Workmen's Compensation Act effects a complete change in the rights and liabilities of an employer and his employee in regard to accidental injuries to the employee. After commenting on section 29 of the Act, the court said: "Under such circumstances other provisions of the act have imposed on the employer a liability to pay the fixed compensation regardless of the fact that he is wholly guiltless of negligence or of any fault. The employee being entitled, in such case, to recover the full amount of his damages from the person causing the injury by his negligence, a complete equitable adjustment of the rights of the employer and employee, as between themselves, would require that out of the amounts so received the employer, *who was guiltless of any wrong*, should receive indemnification for the compensation which he had advanced. The purpose of section 29 is to require this indemnification of the employer *who has not been negligent*, out of the recovery against the third person whose negligence caused the injury." In *Huntoon v. Pritchard*, 371 Ill. 36, 44, the court said: "The purpose of section 29, supra, is to require the indemnification of the *employer who is without fault* out of the money recovered from a negligent third party."

See also Angerstein Illinois Workmen's Compensation, 1952 ed. vol. 2, secs. 1014–1035–1036.

The provisions of the statute as construed by the Supreme Court in the cases referred to required the J. I. Case Company in the instant case to establish that the injury to Manion for which it paid compensation was not proximately caused by its negligence or negligence on the part of its employees before it is entitled to indemnification out of the proceeds of plaintiff's judgment against the Railroad Company. Counsel for appellee say that the paramount purpose of section 29 was to require a third-party wrongdoer to pay the full damages assessed by a jury without regard to the employer's obligation to pay compensation to his employee, and that once liability was established in the third party for damages, whether in a suit by the employer or the employee, the employer should recover up to the amount paid under the provisions of the Act. Counsel then state that in all of the cases adjudicated under section 29, the *Ketler* case is the only one which deprived an employer of his right to reimbursement by reason of funds received by the employee from a third party, and counsel distinguish the *Ketler* case by calling our attention to the fact that the Supreme Court in its opinion in that case pointed out that the record on the appeal from the decision of the Industrial Commission clearly established that the employer was the sole and proximate cause of the employee's injury.

The purpose of section 29 must be ascertained from the words which the legislature employed. As a condition precedent to the J. I. Case Company being entitled to have the amount it paid its employee under the Compensation Act repaid, it was incumbent

upon it to establish that the injuries its employee received were not proximately caused by its negligence or the negligence of its employees.

■ ■ Appellee says that the record which the trial court had before it clearly pinned upon the Railroad Company the sole and proximate negligence which caused appellant's injuries, thereby freeing the employer from any blame or fault which would bar it from reimbursement under section 29 of the Act. Section 29 recognizes that an injury to an employee may result from the joint, concurrent, or combined negligence of an employer or its employees and a third party. It does not follow that because the record conclusively shows the Railroad Company guilty of negligence which proximately caused appellant's injury that those injuries were not also proximately caused by the negligence of the J. I. Case Company or its employees. Two or more persons may be guilty of joint negligence or of concurrent negligence (*Storen v. City of Chicago*, 373 Ill. 530; *Thomas v. Chicago Embossing Co.*, 307 Ill. 134; *Johnson v. Turner*, 319 Ill. App. 265).

The action of appellant against the Railroad Company is entirely independent of the proceeding between appellant and his employer on the question of the right of the employer to be reimbursed under section 29 of the Compensation Act out of the judgment which appellant recovered against the Railroad Company. In his common-law action there was no allegation in plaintiff's complaint that his injuries were or were not proximately caused by his employer or his employer's employees. The employer was a stranger to that proceeding, and the inclusion of any such allegation would have been considered surplusage (*O'Brien v. Chicago City Ry. Co.*, 305 Ill. 244). Nor did any of

the pleadings of the Railroad Company contain any allegation that the injuries which the plaintiff sustained were proximately caused by the J. I. Case Company or its employees. The answer of the Railroad Company however did allege that the plaintiff had received and would receive compensation from his employer under the Workmen's Compensation Act and concluded that plaintiff's right to recover from the defendant was transferred to the Case Company, his employer. The plaintiff denied these allegations by his reply. In the action brought by appellant against the Railroad Company the Case Company was not a party and the record discloses that the only verdict returned or judgment entered was responsive to the issues made by the pleadings in the common-law action. In *Johnson v. Turner*, 319 Ill. App. 265, p. 278 this court said: ". . . it is manifest that, what, if anything, an employer can recover under section 29 comes out of what the employee recovers from the third party. The amount the employee recovers from the third party is measured by the liability of the third party to him, regardless of whether his employer is or is not entitled to reimbursement or indemnification out of the money. It is of no consequence to the third party whether the employer received any part of it or not. The third party's liability is not affected thereby, and the matter of whether the employer is reimbursed is a matter wholly between him and the employee."

In the compensation proceedings between appellant and his employer the question of the negligence of the employer or its employees was immaterial. The question of the negligence of appellant's employer or its employees became material only when the employer sought to be indemnified out of the judgment which appellant obtained in his common-law action against

the Railroad Company. Section 29 of the Compensation Act is silent as to when and how the question of the employer's negligence proximately contributing to cause the employee's injuries is to be determined. In the instant case the employer on the same day the jury returned its verdict in the common-law action of appellant against the Railroad Company filed its notice of claim for indemnification and on December 28, 1951 filed its instant petition praying to be joined in the proceedings as employer of the plaintiff and that its claim of lien amounting to $8,237.76 be paid to it in accordance with the provisions of section 29 of the Workmen's Compensation Act. In his motion to strike this petition, appellant, among other things insisted that the petition was insufficient because it failed to allege that the injury for which the employer paid compensation was not proximately caused by the negligence of the employer or its employees. This motion was denied and in his answer to said petition appellant again raised this question.

Counsel do not cite and we have not found any case which holds that an employer guilty of proximately causing an injury to his employee may be indemnified out of the proceeds recovered by the employee from a third-party wrongdoer. The statute expressly provides otherwise, and in our opinion before an employer may be reimbursed or indemnified under the provisions of section 29 of our Compensation Act, the employer must plead and prove its and its employees' freedom from negligence proximately causing the injury. Certainly appellant, in the instant case, has a right at some stage of the proceedings to be heard and a judicial determination made before he is deprived of any portion of the judgment which he obtained against the Railroad Company.

203

In filing its motion or petition in the instant proceeding on December 28, 1951, the Case Company followed the procedure outlined in section 29 of the Compensation Act, but the allegations of that petition were insufficient to entitle the petitioner to the relief it sought, and the trial court erred in overruling appellant's motion to strike the same and erred in striking appellant's answer thereto and in rendering the judgment it did in favor of the employer.

Assuming that there will be further proceedings had in the trial court in connection with the claim of the Case Company for reimbursement, this court should dispose of the final contention of appellant that if the Case Company is to be reimbursed at all, appellant should not be compelled to bear all the costs and attorney fees in the common-law action, and in this connection counsel call our attention to the fact that the record here discloses that, appellant, severely injured, recovered a judgment for $12,500 against the Railroad Company, out of which his attorneys are entitled to receive $4,166.66 under their contingent fee agreement, leaving a balance of $8,333.34. From this amount the Case Company may be paid $8,237.76, leaving $95.58 as the amount appellant may receive as a result of this protracted litigation. We do not find any authority in this State upon this point, but in other jurisdictions it has been held that the employer who pays compensation to an injured employee and is entitled to be reimbursed is entitled to complete reimbursement.

In *Fontana v. Pennsylvania R. Co.*, 106 F. Supp. 461, it appeared that Thomas Fontana, an employee of Huron Stevedoring Corporation, was injured and, without any award being made, the employer made compensation payments and medical expenses amounting to $1,732.54 under the provisions of the Longshore-

204

men's and Harbor Worker's Compensation Act. Thereafter, Fontana sued the railroad company, and his claim was settled by the railroad company for $4,000. The Huron Stevedoring Corporation intervened and asserted a lien against the proceeds of the settlement to the extent of $1,732.54 paid by it. It was contended by Fontana that his employer ought equitably to bear a proportionate cost of the litigation. In holding otherwise, the District Court cited *Ocean Steamship Co. v. Lumbermen's Mutual Casualty Co.,* 125 F.2d 925, decided under New York's Workmen's Compensation law. The court recognized that this decision was not controlling, being under a different statute, but in the course of its opinion said: "The Act treats the recovery as a fund charged first with the expense of litigation and then with the amounts paid for compensation and medical expenses and the employee becomes entitled only to any excess finally remaining. . . . The expense of securing the recovery is, as in equity it should be, a first charge against the fund itself. As such it is immaterial whether the fund was created in 'a suit brought by the employer or one brought by the employee. Huron, the employer, is therefore entitled to receive out of the $4,000 settlement, its compensation and medical expense payments, without deduction for attorney fees or other litigation costs."

In *Ocean Steamship Co. v. Lumbermen's Mutual Casualty Co.,* 125 F.2d 925, it was held that under the New York Workmen's Compensation law an employer who paid compensation to an injured employee was entitled to complete reimbursement for compensation paid the injured employee out of the proceeds of employee's recovery against a third-party tort-feasor without proportionately sharing the cost of attorney fees in the third-party action.

In *Fireman's Fund Indemnity Co. v. Batts,* 11 N. J. Super. 242, 78 A.2d 293, it appeared that Harry D.

205

Batts, an employee of William Laubenheimer and Bros., Inc., was injured and received compensation and medical expenses amounting to $8,778.25 from New Amsterdam Casualty Co., the employer's compensation insurance carrier. Batts instituted a common-law action against a third party whose negligence caused his injury and recovered a judgment for $48,000 which was affirmed on appeal. Thereafter a dispute arose as to the amount payable from the judgment to the New Amsterdam Casualty Company which claimed it was entitled to be fully reimbursed to the said amount of $8,778.25. Batts claimed that the Casualty Company should be reimbursed only to the extent of two-thirds of its expenditure of $8,778.25, the remaining one-third to be paid to Batts' attorney who had prosecuted the third-party action to judgment. In holding that the compensation carrier was entitled to be reimbursed in full for its expenditures with interest from the date of the judgment in the suit by Batts against the third-party tort-feasors, the court, in answer to the contention of Batts that the insurance carrier of his employer would inequitably receive the benefit of legal services rendered in the third-party action without in anywise contributing thereto, stated that this suggestion would be appropriate for submission to the legislature but under the provisions of the statute of that State the employer of the plaintiff or his insurance carrier was entitled to receive in full a sum equivalent to the medical expenses incurred and the compensation paid. See also *Dodds v. Stellar,* 30 Cal.2d 496, 183 P.2d 658.

For the reasons stated, the judgment order of the circuit court of Rock Island county is reversed, and this cause is remanded to that court with directions to overrule the motion of the J. I. Case Company to strike the answer of appellant to its motion or petition and to proceed not inconsistent with the views herein ex-

pressed and to grant leave to the J. I. Case Company to amend its petition or motion or file an amended petition or motion herein if it be so advised.

*Reversed and remanded with directions.*