(No. 34970.—

Lawrence Hardwick, Appellee, *vs.* Richard Munsterman.—(Illinois Public Aid Commission, Appellant.)

*Opinion filed January 23, 1959.*

Latham Castle, Attorney General, of Springfield, (Madalyn Maxwell, of counsel,) for appellant.

Mr. Justice Klingbiel delivered the opinion of the court:

The plaintiff-appellee recovered a judgment against the defendant in the circuit court of Madison County for the sum of $9,000 for personal injuries sustained by plaintiff as a result of an automobile accident. Afterwards, by leave of court, this sum was deposited with the clerk of

the court, subject to the further order of the court. From the date of the accident to the date of the recovery of said judgment plaintiff was the recipient of public assistance in the amount of $2,828, which the appellant, Illinois Public Aid Commission, established as a charge against the judgment and which the court found was a lien in its order distributing the proceeds of the judgment. The court, however, reduced the amount to be paid to the commission to $1,875.66, finding that the commission's charge should be subjected to a proportionate share of plaintiff's costs and attorneys' fees. Claiming that this is erroneous, the Attorney General, on behalf of the Illinois Public Aid Commission, prosecutes this appeal directly to this court because the State is an interested party and the revenue is involved. No brief has been filed on behalf of plaintiff.

The pertinent part of the statute involved in this matter is to be found in section 8—19 of the Public Assistance Code (Ill. Rev. Stat. 1955, chap. 23, par. 443—19,) which reads as follows: "The Commission shall have a charge upon all claims, demands and causes of action for injuries to an applicant for or recipient of assistance for the total amount of assistance provided for the recipient and his dependents from the time of injury to the date of recovery upon such claim, demand or cause of action. The charge shall become effective only upon notice in writing by the Commission, served by registered mail, upon the party or parties against whom the applicant or recipient has such claim, demand or cause of action. The notice shall claim the charge and describe the interest the Commission has in the claim, demand, or cause of action. The charge shall attach to any verdict, judgment or decree entered and to any money or property which may be recovered on account of such claim, demand, cause of action or suit from and after the time of the service of the notice. On petition filed by the Commission or by the recipient, or by the defendant, the court, on written notice to all interested parties, shall

adjudicate the rights of the parties and enforce the charge. This section shall not affect the priority of an attorney's lien under 'An Act concerning attorney's lien and for enforcement of same,' filed June 16, 1909, as amended."

Under this section of the Public Assistance Code the Illinois Public Aid Commission is given a charge on the proceeds of a judgment recovered by a recipient of public assistance for the amount of public assistance furnished from the date of injury to the date of recovery on the recipient's claim. This law provides that such a charge is prior to all other claims except that of a statutory attorney's lien, which did not exist in this case.

Thus the sole question to be determined on this appeal is whether the established charge of the Illinois Public Aid Commission against the proceeds of the judgment in question under the circumstances above related is subject to reduction by a portion of plaintiff's costs and attorneys' fees when the judgment is sufficiently large to satisfy in full both the fees and the commission's charge.

It is clear from a reading of the statute that the commission is given a lien upon any amount recovered by a recipient of public assistance through litigation or voluntary payment arising out of the recipient's claim for personal injury. That lien or charge is measured by "the total amount of assistance provided for the receipient and his dependents from the time of the injury to the date of the recovery upon such claim, demand or cause of action," and by the express provisions of the statute the commission may enforce its charge against the amount of the recovery.

Under this section a subrogation by operation of law arises. By the furnishing of assistance the Illinois Public Aid Commission became subrogated to the right of the plaintiff-recipient in any recovery for his personal injury in the amount of assistance furnished during the period in which the recipient had a cause of action. He is presumed to know of the commission's possible right to subrogation

when he accepts benefits under the Public Assistance Code.

In the instant case the recovery is sufficient to satisfy the charge of the commission and the payment of the costs and attorneys' fees in full, leaving an amount remaining for payment over to the injured recipient. An analagous statutory subrogation is to be found in section 5 of the Workmen's Compensation Act in force prior to 1957, which provided for a right of subrogation to the employer to the proceeds of any recovery by the injured workman from a third party whose negligence caused the injury, in full without reduction of attorneys' fees, costs and expenses of recovery.

Under the law as it then existed a case arose where the injured workman claimed he was entitled to charge a proportionate share of his attorneys' fees and costs incurred in the recovery against the amount due to the subrogated employer but such claim was denied, the court holding that under the language of the statute there was no authority for such deduction and that the employer was entitled to complete reimbursement. (*Manion* v. *Chicago, Rock Island and Pacific Railroad Co. 2* Ill. App. 2d 191.) Cases in other jurisdictions holding the same way under similar statutes include *Fontana* v. *Pennsylvania R. Co.* (S.D. N.Y., 1952) 106 F. Supp. 461; *Ocean Steamship Co.* v. *Lumberman's Mutual Casualty Co.* (2d Cir., 1942) 125 F.2d 925, *Fireman's Fund Indemnity Co.* v. *Batts,* 11 N. J. Super. 242, 78 A.2d 293, *Dodds* v. *Stellar,* 30 Cal.2d 496, 183 P.2d 658, and *Lewis* v. *Railroad Retirement Board,* 256 Ala. 430, 54 So.2d 777. On July 11, 1957, that section of the Workmen's Compensation Act was amended (Ill. Rev. Stat. 1957, chap. 48, par. 138.5) to provide that a proportionate amount of the plaintiff-employee's costs and attorney's fees (the latter limited to 25 per cent of the recovery or settlement) be borne by the employer out of his reimbursement figure. The inclusion of this feature in said statute which did not exist prior to July 11, 1957, is

a clear indication that without the specific statutory enactment no such liability would exist against the employer in actions by an employee against a third person.

We, therefore, conclude that in the absence of a specific enactment to the contrary, the statute in question under the admitted facts in this case must be construed as not permitting any deduction for attorneys' fees or costs from the amount payable to the Illinois Public Aid Commission under the terms and provisions of said act and that the court erred when it reduced the claim of the commission from $2,828 to $1,875.66.

For the error aforesaid, the order distributing the judgment proceeds entered by the circuit court of Madison County is reversed and the cause is remanded to that court with directions to order payment to the Illinois Public Aid Commission of the sum of $2,828 out of the proceeds of the judgment heretofore recovered by plaintiff and now in the hands of the clerk of said court.

*Reversed and remanded, with directions.*