Ashok Railkar, Plaintiff-Appellant, v. Janice Boll, Defendant-Appellee.

Philip E. Howard, Petitioner-Appellant, v. P. F. Collier, Inc., and Hartford Accident and Indemnity Co., and Country Mutual Insurance Co., Interveners-Respondents-Appellees.

Gen. No. 69–193.

Second District.

June 25, 1970.

Rehearing denied and opinion modified July 17, 1970.

ABRAHAMSON, J., dissenting.

Philip E. Howard and William J. Harte, of Chicago, for appellant.

Peregrine, Stime and Henninger, of Wheaton, for appellee.

MR. JUSTICE SEIDENFELD delivered the opinion of the court.

## MODIFIED OPINION ON DENIAL OF PETITION FOR REHEARING

Ashok Railkar filed suit for personal injuries against Janice Boll and recovered a trial judgment in the amount of $5,000. P. F. Collier, Inc., as Railkar's employer, and Hartford Accident and Indemnity Co., as the workmen's compensation carrier, were given leave to intervene to protect the lien of workmen's compensation paid to Railkar in the amount of $9,800.

Petitioner, Philip E. Howard, an attorney, had represented Railkar in the injury suit. He also represented Railkar in a prosecution of an appeal of that suit on the issue of damages only. The judgment was affirmed in Railkar v. Boll, 109 Ill App2d 277, 248 NE2d 521 (1969).

Thereafter, a petition for adjudication of liens was filed by the plaintiff, reciting that the $5,000 judgment had been increased by $375 in accumulated interest; that plaintiff's attorney has a contract providing for 50% of any amount owing; and that expenses had been incurred in the amount of $2,137.89. The petitioner further recited that plaintiff's attorney had been served with liens as follows: Interveners $9,800; and hospital and doctors' expenses totaling $3,730.97.

Interveners answered, denying any attorney fee contract beyond that specified by section 5 of the Workmen's Compensation Act (Ill Rev Stats 1967, c 48, § 138.5),

205

which provides for "payment to the attorney of 25% of the gross amount reimbursed"; and alleged the superiority of the workmen's compensation lien to any other lien.

The trial court disbursed the $5,375 personal injury judgment as follows: $2,137.89 to plaintiff's counsel for expenses of litigation; $806.27 to plaintiff's counsel based upon 25% of the judgment as reduced by the litigation expenses; and $2,430.84 to interveners, as the balance.

It is from this order that the appeal is taken.

Howard argues that he is entitled to 50% of the gross personal injury judgment, basing his claim on his contingent fee contract with Railkar and upon the provisions of the Attorney's Lien Act (Ill Rev Stats 1967, c 13, § 14). Alternatively, he claims that, if we determine that he is limited to the 25% statutory fee provided in the Workmen's Compensation Act (§ 138.5(b)), the percentage must be applied to the gross amount of the personal injury judgment.

Interveners counter that the only authority requiring payment by employer of an employee's attorney's fees in actions by an employee against a third person is found in the Workmen's Compensation Act and is limited to 25% of the amount reimbursed to the employer. They argue that the other expenses of the litigation do not comprise reimbursement to the employer.

■ We agree with interveners' contention that the provisions of the Workmen's Compensation Act for a 25% fee provide the only basis for recovery of plaintiff's attorney's fees as against the employer. There was no contractual relationship between the employee Railkar or his attorney Howard and the interveners. The inclusion of the provision of payment by the employer of a prorata share of costs, together with attorney's fees in section 5 of the Workmen's Compensation Act as amended in 1957, constitutes the only basis of the employer's lia-

bility to share the employee's burden of expenditures for recovery against a third party. Hardwick v. Munsterman, 15 Ill2d 564, 567, 155 NE2d 638 (1959). Prior to that amendment, the employer was entitled to complete reimbursement of the fund recovered from such third party without any statutory or common-law requirement to bear any part of the employee's costs or fees incurred in a proceeding in which the employer was not a party. Manion v. Chicago, R. I. & P. R. Co., 2 Ill App2d 191, 119 NE2d 498 (1954).

■ The validity of the amendment to section 5 of the Workmen's Compensation Act was upheld in Reno v. Maryland Cas. Co., 27 Ill2d 245, 248, 249, 188 NE2d 657 (1962). There, the Supreme Court noted that the purpose of the subrogation section as originally enacted was to prevent the employee from obtaining unjust enrichment in the nature of a double recovery for the same injury; and that the purpose of the provision requiring the employer to pay a proportionate share of the expenses of securing a fund out of which the employer could be subrogated, was to prevent the employer from being unjustly enriched.

No authority, other than the statute, has been furnished by either side on the question of whether the plaintiff's attorney's fees apply to the entire recovery in a personal injury action or only to the amount which the interveners actually receive after the deduction of the litigation expenses. Nor are we aided by any reference to the purpose of the amendment to section 5. The unjust enrichment concept upon which the statutory provision is based is of no aid in deciding a case in which the subrogation fund is substantially less than the employer's lien.

The language used in the statute affords the only basis for interpretation. Ill Rev Stats, c 48, § 138.5(b), provides in part:

"Where the injury or death for which compensation is payable under this Act was caused under circumstances creating a legal liability for damages on the part of some person other than his employer to pay damages, then legal proceedings may be taken against such other person to recover damages notwithstanding such employer's payment of or liability to pay compensation under this Act. In such case, however, if the action against such other person is brought by the injured employee or his personal representative and judgment is obtained and paid, or settlement is made with such other person, either with or without suit, then from the amount received by such employee or personal representative there shall be paid to the employer the amount of compensation paid or to be paid by him to such employee or personal representative including amounts paid or to be paid pursuant to the provisions of paragraph (a) of Section 8 of this Act.

"Out of any reimbursement received by the employer pursuant to this Section, the employer shall pay his pro rata share of all costs and reasonably necessary expenses in connection with such third-party claim, action or suit and where the services of an attorney at law of the employee or dependents have resulted in or substantially contributed to the procurement by suit, settlement or otherwise of the proceeds out of which the employer is reimbursed, then, in the absence of other agreement, the employer shall pay such attorney 25% of the gross amount of such reimbursement."

The first paragraph of section 138.5(b) establishes the subrogation fund by reference to the amount received by the employee from the judgment or settlement in the action against the negligent third party, and directs that

the employer shall be paid from that amount the compensation paid to the employee.

█ █    The following paragraph directs that "out of any reimbursement received by the employer pursuant to this Section, the employer shall pay his pro rata share of all costs and reasonably necessary expenses in connection with such third-party claim . . . ." In reasonable context the term *any reimbursement* must include the full amount of the subrogation fund out of which the employer's lien is to be paid, limited by the extent of such lien when the fund is in excess of the lien. The court below properly deducted the litigation expenses from the $5,375 recovery on this basis. Since the recovery was less than the employer's lien, the entire amount of the costs and necessary expenses required to create the subrogation fund was properly borne by the employer and there was no proration involved.

The remaining portion of the sentence in the second paragraph which is in issue here, provides for the payment of attorney's fees to the employee's attorney when, as here, his services have created the subrogation fund which is described as "the *proceeds* out of which the employer is reimbursed." (Emphasis added.)

█    The further language that the employer, in the absence of other agreement, "shall pay such attorney 25% of the gross amount of such reimbursement," in the necessary context, must be said to refer to the entire subrogation fund as this makes up the proceeds *out of which* he receives reimbursement as referred to in the preceding part of the paragraph.

█    We cannot agree, within reason, that "reimbursement" as used in the first part of the sentence, means the proceeds of the judgment or settlement in a third-party action, and in the following part of the same sentence that "reimbursement" means the *net* amount which the

employer recovers, particularly when the legislature has used the descriptive term, "gross." The same words appearing in different parts of the statute will be given a consistent meaning where legislative intention is not clearly expressed to the contrary. See Moran v. Katsinas, 16 Ill2d 169, 174, 157 NE2d 38 (1959).

■ Therefore, that portion of the trial court's order of distribution which applies the 25% attorney's fees only to the net amount of $3,237.11 of the third-party judgment, after deduction of litigation expenses, is reversed. The remaining portion of the judgment order is affirmed.

We remand the cause with directions to assess the attorney's fees on the basis of 25% of $5,375.

Affirmed in part and reversed in part and remanded with directions.

MORAN, J., concurs.

ABRAHAMSON, J., dissenting:
I concur with the finding of the trial court that the attorney's fees due to Philip E. Howard be in the amount of $806.27, being 25% of the judgment plus interest, less reimbursement expenses paid to Philip E. Howard in the amount of $2,137.89.