ROBERT KIMPLING et al., Plaintiffs-Appellees, v. Ross M. CANTY, Admr. of the Estate of Patricia Marie Sitarski, Deceased, et al., Defendants—(TRAVELERS INDEMNITY COMPANY et al., Intervenors-Appellants.)

(No. 11880;

Fourth District—August 23, 1973.

Bayler & Noetzel, of Peoria, (Richard G. Leiser, of counsel,) for appellants.

Moehle, Moehle, Reardon & Associates, of Washington, (Melvin O. Moehle, of counsel,) for appellees.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

Travelers Indemnity Company and Kimpling, Inc., intervenors-appellants, appeal from an order of the circuit court denying their request that the defendant-debtors of the plaintiff Robert Kimpling place their judgment drafts in escrow and that the attorneys for the intervenors be authorized to execute all releases and/or satisfactions of judgment in behalf of the intervenors in their Petition for Order Protecting Lien. On October 10, 1969, plaintiff Kimpling, who was an employee of Kimpling, Inc., was involved in an auto accident with Patricia Marie Sitarski. Sitarski, who was a member of the religious order of the Daughters of St. Francis of Assisi, died as a result of that accident and plaintiff sustained severe injuries. Plaintiff as an employee filed an application for adjudication of claim with the Illinois Industrial Commission on August 11, 1970. Subsequently, plaintiff brought a common law negligence action against the estate of Sitarski and the Daughters of St. Francis of Assisi. On December 17, 1971, plaintiff recovered a judgment against the defendants in the amount of $55,000. Travelers Indemnity Company as the insurer of the Daughters of St. Francis was liable for $30,000 under its policy as a result of that judgment. This was the extent of the liability coverage under the terms of the policy. The Workmen's Compensation application was, and so far as this record shows it, still pending.

In November 1970, Travelers Indemnity Company, as the workmen's compensation carrier covering Kimpling, Inc., was granted leave to file a petition to intervene to enforce lien granted to an employer under section 5(b) of the Illinois Workmen's Compensation Act (Ill. Rev. Stat. 1969, ch. 48, sec. 138.5(b)). The petition alleged that Travelers Indemnity Company had paid to the plaintiff compensation benefits in the amount of $4550 in addition to medical, surgical, and hospital bills totaling $7,048.43. Following the judgment in favor of plaintiff in the third-party action, the intervenor filed a petition for an order protecting its lien. Plaintiff Kimpling filed a petition for pro rata share of costs, expenses, and attorney's fees and assessment of additional charges in interest against the intervenor. At the hearing, the intervenors requested the court to mention in his written order that the employer-intervenor would have a credit as to future compensation payments pursuant to any future ruling by the Industrial Commission. The trial court noted that matter concerned an issue that might properly be raised in a declaratory judgment proceeding.

The court ordered Travelers Indemnity Company to pay plaintiff Kimpling the sum of $30,000 for the limit of its liability under the policy of the insurance issued to the Daughters of St. Francis; plaintiff Kimpling

to pay to the employer the amount of workmen's compensation benefits received from the employer in the sum of $11,733.53; the employer to pay its pro rata share of costs and reasonably necessary expenses to the plaintiff Kimpling in the sum of $251; and the employer to pay to plaintiff's attorney the sum of $3,911.18. In addition, plaintiff Kimpling's request for reasonable attorney fees to be assessed against Travelers Indemnity Company was denied.

On appeal, intervenors-appellants contend that they should be granted a right to credit a recovery from the third-party tortfeasor against the intervenors' obligation to pay future workmen's compensation benefits to the plaintiff Kimpling and that they are entitled to a rebate for excess attorney fees paid to plaintiff's attorney. The first issue (right to credit, etc.) is not before this court on appeal since it was not determined by the trial court.

The Workmen's Compensation Act provides that an employee who has received compensation under the Act is required to reimburse an employer from any recovery the employee receives from a third party legally responsible for the employee's injuries. (*Ullman v. Wolverine Ins. Co.*, 48 Ill.2d 1, 269 N.E.2d 295.) A lien upon a recovery by an employee for the amount of benefits is provided for the employer. In addition, the statute provides for attorney's fees to be paid by the employer. According to section 5(b):

> "Out of any reimbursement received by the employer pursuant to this Section, the employer shall pay his pro rata share of all costs and reasonably necessary expenses in connection with such third-party claim, action or suit and where the services of an attorney at law of the employee or dependents have resulted in or substantially contributed to the procurement by suit, settlement or otherwise of the proceeds out of which the employer is reimbursed, then, in the absence of other agreement, the employer shall pay such attorney 25% of the gross amount of such reimbursement."

The intervenors-appellants interpret the phrase "in the absence of other agreement" to mean in the absence of an express agreement between an employee or his attorney and the intervenor. Plaintiff Kimpling contends that this phrase means in the absence of an agreement between the employee and his attorney. Here, the plaintiff-employee agreed to pay his attorney one-third of the judgment received in the third-party action on a contingent fee basis. This issue was considered in *Railkar v. Boll*, 125 Ill.App.2d 203, 260 N.E.2d 851, where the plaintiff-employee's attorney claimed that he was entitled to 50% of the judgment recovered in a third-party action because of his contingent fee agreement with the plaintiff. The court stated:

"We agree with interveners' [sic] contention that the provisions of the Workmen's Compensation Act for a 25% fee provide the only basis for recovery of plaintiff's attorney's fees as against the employer. There was no contractual relationship between the employee Railkar or his attorney Howard and the interveners. [sic] The inclusion of the provision of payment by the employer of a pro-rata share of costs, together with attorney's fees in section 5 of the Workmen's Compensation Act as amended in 1957, constitutes the only basis of the employer's liability to share the employee's burden of expenditures for recovery against a third party. [Citation.] * * *." 125 Ill.App.2d at 203.

*Railkar* is the only Illinois case in which this issue has been considered. The legislature has provided for an employer to pay part of the necessary costs including attorney's fees in order to prevent an unjust enrichment on the part of the employer who has a right of reimbursement from the amount recovered by the employee. (*Reno v. Maryland Casualty Co.*, 27 Ill.2d 245, 188 N.E.2d 657.) In *Hardwick v. Munsterman*, 15 Ill.2d 564, 155 N.E.2d 638, the court referred to section 5 of the Workmen's Compensation Act noting that the Act as amended in 1957 provided "that a proportionate amount of the plaintiff-appellee's costs and attorney's fees (the latter limited to 25% of the recovery or settlement) be borne by the employer out of his reimbursement figure." Considering the context in which it is used, the phrase "in the absence of other agreement" must refer to an agreement between the employer-intervenor and the employee or his attorney. The phrase immediately precedes and explains when "the employer shall pay such attorney 25% of the gross amount of such reimbursement." Therefore, the portion of the trial court order providing for payment of one-third of $11,733.53 as attorney's fees is reversed. The remaining portion of the judgment order is affirmed.

Plaintiff filed a motion to dismiss, which was taken with the case. The motion asserted that the intervenors' action in paying over the judgment and executing a release of judgment extinguished the employer's and employer's insurer's lien over the proceeds of the judgment. The motion to dismiss is denied.

The cause is remanded with directions to assess attorney's fees on the basis of 25% of $11,733.53.

Affirmed in part, reversed in part, remanded with directions.

TRAPP and SIMKINS, JJ., concur.