MELVIN VANDYGRIFF, Plaintiff-Appellee, *v.* COMMONWEALTH EDISON COMPANY, Defendant.—(GUST K. NEWBERG CONSTRUCTION CO., Intervenor-Appellant.)

First District (1st Division)   No. 78-152

Opinion filed January 8, 1979.

Lord, Bissell & Brook, of Chicago (Hugh C. Griffin and Norman J. Lerum, II, of counsel), for appellant.

Cooney and Stenn, of Chicago, for appellee.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

Melvin Vandygriff (plaintiff) sued Commonwealth Edison Company (Edison) seeking damages for injuries he suffered while employed by Gust K. Newberg Construction Co. (Newberg) on Edison's construction site. When Edison and plaintiff agreed to settle their suit for $260,000, Newberg intervened to protect its reimbursement rights for workmen's

compensation benefits it had been ordered to pay plaintiff. The trial court dismissed the suit and adjudicated all disbursements and liens. Newberg appeals, arguing that the trial court erred in reducing its credit for future workmen's compensation payments by requiring Newberg to pay plaintiff's attorneys a 40% fee based on plaintiff's contract with his attorneys, not the statutory 25% fee.

■■ Newberg contends that plaintiff's attorneys are limited to the 25% fee provided for in the Workmen's Compensation Act (Ill. Rev. Stat. 1977, ch. 48, par. 138.5(b)). We agree. The statute provides in relevant part:

> "Out of any reimbursement received by the employer pursuant to this Section, the employer shall pay his pro rata share of all costs and reasonably necessary expenses in connection with such third-party claim, action or suit and where the services of an attorney at law of the employee or dependents have resulted in or substantially contributed to the procurement by suit, settlement or otherwise of the proceeds out of which the employer is reimbursed, then, in the absence of other agreement, the employer shall pay such attorney 25% of the gross amount of such reimbursement."

In *Railkar v. Boll* (1970), 125 Ill. App. 2d 203, 260 N.E.2d 851, plaintiff's attorney contended that he should receive 50% of the employer's recovery from the third-party tortfeasor because his client had agreed to such a fee. The appellate court reasoned that plaintiff's fee contract does not determine the fee the employer pays because the Workmen's Compensation Act provision for a 25% fee is the sole basis for a fee recovery against the employer where there is no contractual relationship between the employee or his attorney and the employer. (125 Ill. App. 2d 203, 206, 260 N.E.2d 851, 853.) Similarly, in *Kimpling v. Canty* (1973), 13 Ill. App. 3d 919, 300 N.E.2d 839, the employee's attorney asserted that the phrase "in the absence of other agreement" in section 5(b) referred to his contract with the employee which provided for a fee of one-third of any recovery and that his contract should determine the fee the employer should pay him. The employer contended that the phrase referred to a contract between it and the employee or his attorney. The court agreed with the employer, stating:

> "Considering the context in which it is used, the phrase 'in the absence of other agreement' must refer to an agreement between the employer-intervenor and the employee or his attorney. The phrase immediately precedes and explains when 'the employer shall pay such attorney 25% of the gross amount of such reimbursement.' * * *." (13 Ill. App. 3d 919, 922, 300 N.E.2d 839, 841.)

Clearly, in the present case the plaintiff's attorneys' fees for obtaining

reimbursement for Newberg must be based on the 25% statutory fee and not the plaintiff's contract with his attorneys.

■■ The amount on which the 25% fee is to be paid is also in dispute. Newberg contends that the fee should be based on the amount of the settlement less the amount of workmen's compensation benefits it paid to plaintiff. Plaintiff argues that the fee should be based on the total amount of the settlement with Edison. We agree with plaintiff.

The trial court's order provided in pertinent parts:

"IT IS ORDERED that the defendant, COMMONWEALTH EDISON COMPANY, pay to the Gust K. Newberg Construction Company the total amount of their lien which is $15,447.22.

* * *

It further appearing that the law firm of Cooney and Stenn and the law firm of Raymond L. Lannon has expended $3,228.94 in the preparation of this claim of MELVIN VANDYGRIFF v. COMMONWEALTH EDISON COMPANY.

* * *

It further appearing that the plaintiff, MELVIN VANDYGRIFF, has entered into a contract with the law firms of Cooney and Stenn and Raymond L. Lannon in which he agreed to pay legal fees in the amount of 40% in the event that suit is filed, and it appearing that the plaintiff after deducting legal fees of 40%, deducting court costs of $3,228.94 and deducting the $15,447.22, which is to be paid back to the Gust K. Newberg Construction Company, there remains a net figure of $137,323.84.

IT IS FURTHER ORDERED that as of the present the Gust K. Newberg Construction Company shall not be required to pay any further payments under the workmen's compensation act.

IT IS FURTHER ORDERED that they shall be given credit for any payments which they may be obligated to pay by way of permanent total disability payments or future medical payments until such sums or obligations or bills shall have reached the total amount of $137,323.84."

In *Railkar v. Boll* (1970), 125 Ill. App. 2d 203, 260 N.E.2d 851, the plaintiff's employer and its compensation insurer intervened, contending *inter alia* that the statutory fee is limited to 25% of the amount reimbursed to the employer. The employee's attorney contended that the gross amount of the personal injury judgment should be the basis of the fees. The court found that section 138.5(b) should be read to apply the fee to 25% of the entire subrogation fund, that is, the entire amount of the judgment against the third-party tortfeasor. (125 Ill. App. 2d 203, 209-10, 260 N.E.2d 851, 854.) See *Kimpling v. Canty* (1973), 13 Ill. App. 3d 919, 922, 300 N.E.2d 839, 841.

We conclude that plaintiff's attorneys' fees should be computed at 25% of the $260,000 total settlement. See *Hardwick v. Munsterman* (1959), 15 Ill. 2d 564, 567, 155 N.E.2d 638, 641.

The order of the circuit court is reversed as to attorneys' fees and Newberg's credit and remanded for the entry of an order that Newberg shall be given credit for any payments which they may be obligated to pay by way of permanent total disability payments or future medical payments until such sums or obligations or bills shall have been paid in full, but not to exceed the total of $176,323.84, computed as follows:

Total settlement of                                          $260,000.00

Less:
    Workmen's compensation
        already paid                    $15,447.22
    Costs                                 3,228.94
    Attorneys' fees (25% of
        $260,000.00)                     65,000.00      83,676.16
                                                        $176,323.84.

Reversed and remanded with directions.

GOLDBERG, P. J., and McGLOON, J., concur.