AMERICAN STATES INSURANCE COMPANY, Plaintiff, v. MARSHALL BAILEY *et al.*, Defendants (The Hartford Insurance Company, Defendant-Appellee; A. Denison Weaver, Intervenor-Appellant).

First District (6th Division)   No. 1—95—3264

Opinion filed November 27, 1996.

A. Denison Weaver, of Chicago, for appellant.

Sweeney & Riman, Ltd., of Chicago (Edward F. McGinnis, Georgene M. Wilson, and Kenneth J. Barrish, of counsel), for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

On June 26, 1992, plaintiff, American States Insurance Company (American States), filed a complaint for interpleader and declaratory judgment relief seeking to determine the rights to a $100,000 settlement reached in a personal injury action brought by Marshall Bailey (Bailey) against American States' insureds, Agnes and Joseph Pace (the Paces). American States also requested that the court adjudicate a workers' compensation lien held by The Hartford Insurance Company (Hartford), which had provided workers' compensation benefits to Bailey. Bailey's attorney, A. Denison Weaver (Weaver), intervened in the action, alleging that he was entitled to 33¹/₃% of the settlement pursuant to a contingent fee agreement with Bailey. Upon determining that Hartford's lien exceeded $100,000, the trial court awarded Hartford the entire settlement amount less 25% for attorney fees and costs owed to Weaver pursuant to section 5(b) of the Workers' Compensation Act (820 ILCS 305/5(b) (West 1992)).

Weaver was thereafter granted leave to plead that Hartford intentionally interfered with his contractual relationship with Bailey. Weaver's second amended complaint alleged that Hartford intentionally refused to furnish a release of its lien in 1981, thereby depriving Bailey of access to the settlement funds and inducing Bailey to breach his contingent fee agreement with Weaver. The trial court dismissed Weaver's second amended complaint with prejudice, and he appeals.

The relevant facts date back to October 9, 1979, when Bailey, during the course of his employment with United Ford and Commercial Workers, sustained injuries in an automobile accident with the Paces. On October 10, 1979, Bailey retained Weaver to represent him in a personal injury action against the Paces. Bailey signed a contract agreeing to pay Weaver one-third of the amount recovered. Hartford began paying workers' compensation benefits to Bailey and thereby became entitled to a statutory lien on any judgment or settlement in the third-party action against the Paces. The Paces were insured by American States. On April 24, 1981, the matter was settled for the policy limit of $100,000. Bailey executed a release of all claims. A release of attorney's lien and a stipulation to dismiss were also executed. The trial court entered an order dismissing the matter with prejudice.

At the time of the settlement, the amount of Hartford's lien was undetermined, as Bailey was still under medical treatment. Approximately one month after the settlement, Weaver contacted Hartford by letter and requested that it "forward a release of [the] compensation lien, with the understanding that the third-party draft would be made payable to *** Hartford, Mr. Bailey and myself and placed in an escrow account pending the disposition of the Workmen's Compensation claim in order to earn interest on that money until such time as the proceeds could be distributed." Hartford declined the request and at no time agreed to release or waive its workers' compensation lien.

Eleven years later, on June 26, 1992, American States filed a complaint for interpleader and declaratory relief, naming as defendants "Marshall Bailey, Evelyn Bailey, The Hartford Insurance Company, Joseph A. Pace, Joseph M. Pace and Agnes Pace." As the Paces' insurance provider, American States sought a "determination of all claims to the settlement sum of $100,000.00" and requested "that the workers compensation lien of Hartford *** be adjudicated." On August 26, 1993, Weaver was granted leave to file an intervening complaint, wherein Weaver alleged that he was entitled to 33$^{1}$/$_{3}$% of the settlement proceeds pursuant to his contingent fee agreement with Bailey. Hartford thereafter moved for summary judgment, argu-

ing that its workers' compensation lien, totalling $204,593.95, exceeded the total amount of the settlement. The trial court granted Hartford's motion on September 12, 1994. The court awarded Hartford the entire $100,000, out of which Hartford was directed to pay Weaver the statutory fee of 25%, plus costs, pursuant to section 5(b) of the Workers' Compensation Act (820 ILCS 305/5(b) (West 1992)). The trial court also granted Weaver leave to file an amended complaint adding a second count alleging that Hartford intentionally interfered with the contractual relationship between Weaver and Bailey. On May 12, 1995, the trial court dismissed the amended complaint without prejudice.

On June 8, 1995, Weaver filed a second amended complaint. It alleged that Hartford intentionally and wrongfully refused to furnish a release of its lien, even though Hartford's interests in the settlement proceeds would have been protected in an interest-bearing escrow account. The complaint further alleged that Hartford did so with the knowledge that it was interfering with the contingent fee agreement between Weaver and Bailey, in that, absent a release of lien, American States would not issue its settlement draft, depriving Bailey and Weaver of access to the settlement proceeds. Hartford moved to dismiss Weaver's second amended complaint pursuant to section 2—615 of the Code of Civil Procedure (735 ILCS 5/2—615 (West 1992)), for failing to state a cause of action upon which relief could be granted, and pursuant to section 2—619(a)(5) (735 ILCS 5/2—619(a)(5) (West 1992)), as being time-barred. On September 5, 1995, the trial court granted the motion, adopting both of Hartford's arguments as grounds for dismissal with prejudice. Weaver now appeals. He first contends that his second amended complaint alleges each of the necessary elements to establish Hartford's intentional interference with his contractual relationship with Bailey. Weaver further argues that his claim against Hartford is a counterclaim and is therefore not subject to a statute of limitations defense.

■ Turning to Weaver's first contention, it is well established that a complaint should be dismissed on the pleadings only if it is clearly apparent that no set of facts can be proved that would entitle recovery. *Reuben H. Donnelley Corp. v. Brauer*, 275 Ill. App. 3d 300, 655 N.E.2d 1162 (1995). A reviewing court must determine whether the allegations in the complaint, when interpreted in a light most favorable to the plaintiff, are sufficient to set forth a cause of action upon which relief may be granted. *Burdinie v. Village of Glendale Heights*, 139 Ill. 2d 501, 565 N.E.2d 654 (1990).

■ The five elements necessary to state a cause of action for intentional interference with a contractual relationship include: (1)

the existence of a valid and enforceable contract between the plaintiff and a third person, (2) defendant's knowledge of the existing contract, (3) defendant's intentional inducement of the breach, (4) a subsequent breach by the third person, and (5) damage to the plaintiff. *Kraft Chemical Co. v. Illinois Bell Telephone Co.*, 240 Ill. App. 3d 192, 608 N.E.2d 243 (1992). Allegations of malice are not required to adequately plead the tort of intentional interference with contractual relations. *Donnelley*, 275 Ill. App. 3d at 312, 655 N.E.2d at 1172; *Roy v. Coyne*, 259 Ill. App. 3d 269, 630 N.E.2d 1024 (1994). Additionally, justification is an affirmative defense which a defendant must plead and subsequently prove. *Donnelley*, 275 Ill. App. 3d at 313, 655 N.E.2d at 1172; *Roy*, 259 Ill. App. 3d at 279, 630 N.E.2d at 1031.

Weaver argues that his second amended complaint meets the criteria established by the rules of pleading in Illinois by setting forth the ultimate facts necessary to establish each of the essential elements of a cause of action for intentional interference with a contractual relationship. Weaver points to paragraphs 1, 2, and 3 of his complaint as establishing that there was a contractual relationship between himself and Bailey and that Hartford had knowledge of said relationship. Paragraphs 4, 5, and 6, Weaver argues, allege the remaining elements of the cause of action. These paragraphs state:

"4. That Intervenor *** requested Hartford to furnish American States with a release of its compensation lien for and in consideration of Bailey and Intervenor agreeing with Hartford to place the settlement proceeds in an interest bearing account subject to the joint control of Bailey and Hartford until such time as the pending compensation proceedings were resolved and the amount that Hartford was entitled to on its lien was determined.

5. That Hartford, with the wrongful intent of compelling Bailey to settle his outstanding worker's compensation claim prior to the time that the nature and extent of Bailey's injuries were determined, and for an amount less than what Bailey was legally entitled to in order to limit Hartford's own financial liability, wrongfully refused to furnish American States with a release of lien, notwithstanding that Hartford's right to participate in the settlement proceeds would not have been prejudiced.

6. That in refusing to furnish American States with a release of its lien, Hartford did so with the knowledge that it was wrongfully interfering with the contractual relationship between Bailey and Intervenor in that absent a release of lien, American States would not issue its settlement draft, thereby depriving Bailey and Intervenor of the settlement benefits and, in particular, depriving Intervenor of that portion of the settlement benefits that Intervenor was entitled to by reason of the employment contract entered into."

Weaver further avers that Hartford cannot challenge the legal sufficiency of his complaint by merely arguing that it was justified in intentionally inducing Bailey to breach his contract with Weaver. Instead, Weaver asserts, Hartford can only plead and prove justification as an affirmative defense.

Hartford responds that it is unnecessary to reach the issue of justification because Weaver's complaint contains merely conclusory allegations and legal conclusions, and cannot support a cause of action for intentional interference with a contractual relationship. Specifically, Hartford contends that Weaver's allegations do not and cannot establish that Hartford intentionally induced Bailey to breach his contingent fee agreement with Weaver. Nor can Weaver establish, Hartford argues, that Bailey even breached his contract with Weaver.

■ We agree with Hartford. Specifically, we fail to perceive how Weaver can establish that Hartford deliberately and intentionally induced Bailey to breach his contingent fee agreement. Instead, Weaver's failure to recover one-third of the settlement flows directly from the trial court's application of section 5(b) of the Workers' Compensation Act (820 ILCS 305/5(b) (West 1992)). That section grants an employer or his workers' compensation carrier a statutory lien on the proceeds that an employee obtains from a third party. *Corley v. McHugh*, 266 Ill. App. 3d 618, 639 N.E.2d 1374 (1994). The section further provides:

> "Out of any reimbursement received by the employer pursuant to this Section, the employer shall pay his pro rata share of all costs and reasonably necessary expenses in connection with such third-party claim, action or suit and where the services of an attorney at law of the employee or dependents have resulted in or substantially contributed to the procurement by suit, settlement or otherwise of the proceeds out of which the employer is reimbursed, then, in the absence of other agreement, the employer shall pay such attorney 25% of the gross amount of such reimbursement." 820 ILCS 305/5(b) (West 1992).

The words "in the absence of other agreement" have been construed to refer to an agreement between an employer and the employee or his attorney. *Swets v. Tovar*, 284 Ill. App. 3d 1003 (1996); *Vandygriff v. Commonwealth Edison Co.*, 68 Ill. App. 3d 396, 386 N.E.2d 318 (1979); *Kimpling v. Canty*, 13 Ill. App. 3d 919, 300 N.E.2d 839 (1973); *Railkar v. Boll*, 125 Ill. App. 2d 203, 260 N.E.2d 851 (1970). A contingent fee agreement otherwise reached between an employee and his attorney does not affect or override the statutory 25% fee provided for in section 5(b). See, *e.g.*, *Swets*, 284 Ill. App. 3d at 1010;

*Vandygriff*, 68 Ill. App. 3d at 398-99, 386 N.E.2d at 319-20; *Kimpling*, 13 Ill. App. 3d at 921-22, 300 N.E.2d at 841; *Railkar*, 125 Ill. App. 2d at 207-08, 260 N.E.2d at 854.

For example, in *Railkar*, the plaintiff was awarded $5,000 in his personal injury action against a third party, but his employer's workers' compensation lien of $9,800 attached to the entire judgment. Plaintiff's attorney contended that he was entitled to 50% of the judgment pursuant to his contingent fee agreement with plaintiff. This court rejected the argument, holding that section 5(b) "provide[d] the only basis" for a fee recovery against the employer in the absence of a contrary agreement between the employee or his attorney and the employer. *Railkar*, 125 Ill. App. 2d at 206, 260 N.E.2d at 853. Likewise, in *Vandygriff* and *Kimpling*, this court rejected arguments by attorneys that contingent fee agreements with the employees they represented entitled them to more than the 25% statutory fee out of the amount the employers received as reimbursement. *Vandygriff*, 68 Ill. App. 3d at 398-99, 386 N.E.2d at 319-20; *Kimpling*, 13 Ill. App. 3d at 921-22, 300 N.E.2d at 841.

Very recently, in *Swets v. Tovar*, 284 Ill. App. 3d at 1003), the first division of this court relied on *Railkar* and *Vandygriff* in reversing a trial court's adjudication of a workers' compensation lien. In *Swets*, the plaintiff was injured in an automobile accident in the course of her employment with the Village of Lansing. She retained an attorney to represent her in a third-party action against the driver of the other automobile, and the matter was settled for the defendant's insurance policy limit of $100,000. The trial court distributed the plaintiff's settlement by first deducting $33,333.33 as payment of her attorney's one-third contingent fee. The remaining $66,666.67, reduced by 25% in additional attorney fees and $425.67 in costs, was awarded to the Village. The Village consequently received $49,680.75 as reimbursement, but it had already paid the plaintiff $270,595.77 in workers' compensation benefits as of the time of the settlement distribution. On appeal, this court reversed the trial court's ruling, holding that the court erroneously reduced the settlement by one-third before distributing the remaining funds. In addition, the trial court was given the following instructions on remand:

> "[T]he settlement proceeds must be considered as a whole, *i.e.*, $100,000; then reduced by $25,000, representing the statutory 25% amount in fees to plaintiff's attorney; then reduced by plaintiff's attorney's costs of $425.67. The remaining $74,574.33 would be payable to the Village for workers' compensation benefits already paid." *Swets*, 284 Ill. App. 3d at 1010-11.

The above line of cases, especially *Railkar* and *Swets*, provides

support for the trial court's dismissal of Weaver's complaint in the case at hand. As in *Railkar* and *Swets*, the workers' compensation benefits paid here exceeded the entire amount recovered in the third-party action. Thus, section 5(b) provided the sole basis for determining the amount of fees owed to Weaver. According to Weaver's calculations, however, the $100,000 principal would have accrued enough interest to reimburse Hartford and still entitle Bailey to some of the proceeds if Hartford would have agreed to release its lien in 1981 and place the third-party draft in an interest-bearing account. Nevertheless, the fact that Hartford declined to release the lien that it became statutorily entitled to pursuant to section 5(b) does not establish that Hartford intentionally induced Bailey to breach his contingent fee agreement with Weaver. Weaver's allegations amount to nothing more than an attempt to circumvent the holdings in *Railkar, Vandygriff,* and *Kimpling.* Moreover, this court's recent decision in *Swets* confirms that Weaver is entitled to no more than the statutory fee of 25%, plus costs, that he has already received pursuant to the requirements of section 5(b).

We therefore concur with the trial court's dismissal of Weaver's second amended complaint for failure to state a cause of action for intentional interference with contractual relations. In light of this holding, we find it unnecessary to reach Weaver's contention that his complaint is not time-barred.

Accordingly, for the reasons set forth above, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

ZWICK, P.J., and RAKOWSKI, J., concur.