Peter S. Sarelas, Plaintiff-Appellant, v. Illinois Bell Telephone Company, a Corporation, W. V. Kahler, and Henry Tuckman, Defendants-Appellees.

Gen. No. 48,878.

First District, Second Division.

May 29, 1963.

Peter S. Sarelas, of Chicago, for appellant, pro se.

Sidley, Austin, Burgess & Smith, of Chicago (Kenneth F. Burgess, James W. Kissel, Frederic F. Brace, Jr., and David H. Ward, of counsel), for defendants.

MR. JUSTICE FRIEND delivered the opinion of the court:

Plaintiff Peter S. Sarelas seeks damages from defendants Illinois Bell Telephone Company, its president, and one of its maintenance employees, for injuries allegedly caused by the disconnection of one of the extensions of his office telephone for a period of two and one-half hours. Defendants moved to dismiss the complaint on the ground that it did not state a cause of action. The motion was granted, and the complaint was dismissed with prejudice. Plaintiff then moved for reconsideration and vacation of the order of dismissal, and for the entry of a rule on defendants to answer the complaint on its merits, or in the alternative for leave to file an amended complaint, through which he sought to inject constitutional questions into the case. The trial judge denied the motion to vacate the order of dismissal, and denied leave to amend. Thereupon plaintiff appealed directly to the Supreme Court from the order dismissing plaintiff's complaint with prejudice, from the order refusing to vacate the order of dismissal, and from the order denying plaintiff leave to file an amended

complaint. In his brief filed there he set forth eight separate grounds involving constitutional questions. The cause was transferred without opinion by the Supreme Court, but implicit in its transfer order is a rejection of plaintiff's constitutional arguments and a holding that there are no debatable constitutional questions involved in the case.

There remain to be decided only the questions whether the court properly dismissed the complaint for failure to state a cause of action, and whether the court properly denied plaintiff's motion to vacate the order of dismissal and his motion to amend. The disconnection of the extension was due to a clerical error. Plaintiff's answers to interrogatories which admitted that the telephone extension was reconnected two and one-half hours later were of record at the time the complaint was dismissed. Plaintiff does not rely on any written or oral contract with defendants, but his action, as stated on oral argument, sounds in tort. The complaint alleges simply that defendants owed him a "legal duty," and the facts alleged show that he is complaining, in effect, that the corporation violated this duty by ceasing to render service to him. Of course in the case of an ordinary corporation this would be nothing of which to complain, for in general a corporation is entitled to refrain from doing business with its customers unless it is otherwise bound by contract; but a utility is different. It has a duty to its subscribers that goes beyond that of an ordinary corporation. However, this duty has but one source, the tariff, which in this instance is on file with the Illinois Commerce Commission. In Illinois Bell Tel. Co. v. Miner, 11 Ill App2d 44, 58, 136 NE2d 1 (1956), the court stated the terms and conditions upon which a utility renders its service as follows:

"The company's official tariff on file, publicly, with the Illinois Commerce Commission, contain-

374

ing, inter alia, the foregoing provisions here material as a part of the terms and conditions upon which telephone service is rendered, is necessarily a component and integral part of its contracts and relationships with its subscribers, expressly or by implication or by operation of law; the subscribers are bound thereby, as is the company; it cannot deviate and its subscribers cannot deviate therefrom; and the defendants, whether they have actual knowledge thereof or not, are, of course, presumed to know the law, and are chargeable with notice thereof: . . . ."

Thus, the extent to which defendants owed plaintiff "a legal duty" is determined by the particular provisions of the tariff on file with the commission; there is no contract in this case on which plaintiff can rely, nor are his allegations of a breach of duty sufficient to constitute a claim in tort. He complains simply of the disconnection of his telephone extension, and claims a breach of duty which arises either from the tariff or not at all. If a claim or defense is founded upon a written instrument the Civil Practice Act (Ill Rev Stats 1961, c 110, § 36) requires that "a copy thereof, or of so much of the same as is relevant, must be attached to the pleading as an exhibit or recited therein, . . . ." In the complaint here there is no reference to the tariff; there is nothing to show that defendants have refused to do business with plaintiff on the "terms and conditions upon which it does and will render service." The tariff provides in substance that certain interruptions in service of short duration will not give rise to liability on the part of the company, but that longer interruptions in service will result in a refund to the subscriber. An appropriate complaint would have alleged that the service was disconnected for a period longer than the period for which there is no liability, and that the company had failed to make restitution for the lost service. On the

other hand, if plaintiff had wished to attack the tariff, it would have been necessary for him to direct his complaint to the Illinois Commerce Commission. Colton v. Commonwealth Edison Co., 349 Ill App 490, 497, 111 NE2d 363 (1953).

It appears that plaintiff advisedly kept the tariff out of the case. He could not claim under it because his extension was promptly reconnected; he could not complain of its invalidity in the trial court because that claim could properly be made only to the Illinois Commerce Commission. It is therefore a reasonable inference that he sought to avoid it altogether by claiming some violation of "a legal duty" by defendants. In Berg v. Schreiber, 405 Ill 528, 92 NE 2d 88 (1950), a case initiated by a shipper against a common carrier, the court, relying on and quoting from Georgia, Fla. & Ala. Ry. v. Blish Co., 241 US 190 (1916), held (p 531):

> "The parties could not waive the terms of the contract under which the shipment was made pursuant to the Federal Act; nor could the carrier by its conduct give the shipper the right to ignore these terms which were applicable to that conduct and hold the carrier to a different responsibility from that fixed by the agreement made under the published tariffs and regulations. . . ."

H. Piper Co. v. Summit Fast Freight, Inc., 1 Ill App 2d 298, 117 NE2d 420 (Abst 1954), is to the same effect.

In dismissing the complaint the trial court in effect put plaintiff on notice that he could continue his suit only by bringing the tariff into the case. Plaintiff in moving to amend showed no intention of submitting tariff issues to the court but, instead, relied on constitutional arguments. He filed a lengthy and somewhat confusing motion, replete with constitutional claims,

376

which only at the end prayed leave to amend. No copy of the proposed amendment was filed with the motion, nor did the motion indicate how plaintiff intended to correct the faults in the original complaint. The trial court properly exercised its discretion in refusing leave to amend. In Lowrey v. Malkowski, 20 Ill2d 280, 285, 170 NE2d 147 (1960), the court held that "the trial judge has broad discretion in permitting or refusing amendments and we will review only a manifest abuse of such discretion." In Aaron v. Dausch, 313 Ill App 524, 538, 40 NE2d 805 (1942), we held:

> "A party is not entitled as of right to file an amended pleading, and a party so desiring should prepare and submit such proposed amendment to the inspection of the court. It is not error to refuse to allow an amendment which is not presented and where there are no means of determining whether the amendment will be a proper and sufficient one or not. . . . ."

Tegtmeyer v. Sun Indemnity Co., 321 Ill App 642, 53 NE2d 487 (Abst 1944), reached the same conclusion.

For the reasons indicated, we hold that the court properly dismissed the complaint for failure to state a cause of action, and properly denied plaintiff's motion to vacate the order of dismissal and his motion to amend. The judgment and orders are affirmed.

Judgment and orders affirmed.

BRYANT, PJ and BURKE, J, concur.