KRAFT CHEMICAL COMPANY *et al.*, Plaintiffs-Appellants, v. ILLINOIS BELL TELEPHONE COMPANY *et al.*, Defendants-Appellees.

First District (6th Division)   Nos. 1—91—3071, 1—91—3592 cons.

Opinion filed December 18, 1992.—Rehearing denied February 2, 1993.

Robert F. Lisco, of Lisco & Field, of Chicago (Jill Kline, of counsel), for appellants.

Emily Nicklin and Michelle H. Browdy, both of Kirkland & Ellis, of Chicago, for appellee Illinois Bell Telephone Company.

Thomas J. Platt, of Ott & Platt, of Chicago, for appellee Kellogg Construction Company.

Eric L. Samore and Ellen S. Martin, both of Querrey & Harrow, Ltd., of Chicago, for appellee Big Trees, Inc.

JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, Kraft Chemical Company, Inc., filed a class action suit against defendants, Illinois Bell Telephone Company (Bell), Kellogg Construction Co., Inc. (Kellogg), and Big Trees, Inc. (Big Trees), on behalf of all plaintiffs who sustained losses after Kellogg severed a fiber optic cable buried underground which caused a day-long cessation of telephone service in the western suburbs of Cook and Du Page Counties. Plaintiff, a chemical company, contended that the operation of its business necessitated the constant use of telephone lines and communications. Plaintiff sustained no property damage as a result of the severed cable.

Plaintiff's second amended complaint included counts against Bell sounding in negligent violation of the Public Utilities Act (Ill. Rev. Stat. 1989, ch. 111²/₃, par. 1—101 et seq.) (the Act); willful violation of the Act; common law willful and wanton misconduct, and breach of contract. The causes of action against Kellogg and Big Trees included negligence, willful and wanton misconduct, and intentional interference with contractual relationships. (The case was never certified to proceed as a class action.) The trial court granted defendants' motion to dismiss pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—615) for failure to state a cause of action, with the exception of the count alleging breach of contract against Bell. (The breach of contract action is not at issue on review.)

In this consolidated appeal, plaintiff contends that the trial court erred in dismissing the negligence and willful and wanton misconduct claims as being too remote for recovery; that a sufficient cause of action was pled for intentional interference with a contractual relationship; and that the doctrine espoused in *Moorman Manufacturing Co. v. National Tank Co.* (1982), 91 Ill. 2d 69, 435 N.E.2d 443, should not preclude plaintiff's recovery.

The facts in this case are undisputed. Kellogg was engaged as a general contractor of commercial, residential and industrial buildings. Big Trees operated as a landscaping contractor in the business of excavating, grading landscapes and planting trees. At that time, the "Joint Utilities Location Information for Excavators," more commonly known as "JULIE," operated as a clearinghouse of information regarding the location of various utilities' underground cables, lines, mains and pipes. On October 15, 1990, Big Trees, which had been hired as an agent of Kellogg to conduct landscaping excavation at 3521 Madison Street in Oak Brook, Illinois, operated a backhoe without first contacting JULIE, and severed a fiber-optic cable which was located approximately five feet below the surface. The cut cable interrupted service for part of one day for thousands of Bell customers.

Plaintiff's second amended class action complaint sought damages against Bell, Kellogg and Big Trees. Counts I through III pertained to defendant Bell only. Count I alleged that Bell violated the Act's requirement to provide adequate service because of its failure to warn of the placement of its cable, protect the cable, or provide back-up service; count II maintained that such violations of the Act were willful; and count III alleged willful and wanton misconduct at common law. Count V sounded in negligence against Kellogg and Big Trees only, contending that Big Trees, acting on behalf of Kellogg, carelessly and negligently severed the cable by digging in an area without first ascertaining the location of the telephone cables. Count VI alleged that the actions of Kellogg and Big Trees were willful and wanton. In count VII, plaintiffs allege that Kellogg and Big Trees intentionally interfered with its contract with Bell.

At the section 2—615 hearing, the trial court first found that Bell's tariff governed its relationship with its customers and limited Bell's liability to the charges for the period of interrupted service. The tariff provides in relevant part:

"The liability of the Company for damages arising out of mistakes, omissions, interruptions, delays, errors or defects in transmission occurring in the course of furnishing service or other facilities, and not caused by the negligence of the cus-

tomer, shall in no event exceed an amount equivalent to the proportionate charge to the customer for the period of service during such mistake, omission, interruption, delay, error or defect in transmission occurs. *No other liability shall in any case attach to the Company.*" (Emphasis added.)

Relying upon this court's holdings in *J. Meyer & Co. v. Illinois Bell Telephone Co.* (1980), 88 Ill. App. 3d 53, 409 N.E.2d 557, and the decision in *Sarelas v. Illinois Bell Telephone Co.* (1963), 42 Ill. App. 2d 372, 192 N.E.2d 451, the judge concluded that the tariff unambiguously limited plaintiff's damages to the proportionate charge for its service during the period of interruption. Moreover, the court concluded that the tariff's limitation of damages to charges for the period of interruption did not contravene sections 8—101, 8—401, and 5—201 of the Act, which require Bell to provide adequate, efficient, and reliable service, or be liable "for all loss, damage or injury caused thereby or resulting therefrom."

The trial court further found that plaintiffs' claim against Bell in tort for economic loss was barred by the economic loss doctrine as set forth in *Moorman Mfg. Co. v. National Tank Co.* In *Moorman*, the court precluded the plaintiff from recovering in tort for solely economic damages. The judge determined that application of *Moorman* was appropriate in the present case, and that it barred damages solely for economic loss for tortious breach of the duties imposed by the Act where no personal injury or damage to other property was alleged.

The trial court also determined that the purely economic losses sought by plaintiffs against Kellogg and Big Trees for cutting the cables causing the interruption of service were barred by the legal doctrine of remoteness. (*Dundee Cement Co. v. Chemical Laboratories, Inc.* (7th Cir. 1983), 712 F.2d 1166.) The doctrine of remoteness is not based upon a factual inquiry to determine whether the damages claimed were foreseeable or whether there was proximate cause; rather, it is a legal doctrine incorporating public policy considerations. While exceptions to the doctrine of remoteness exist in Illinois in instances where a tortfeasor may become liable to a third party if he holds a special relationship to a third party, the plaintiffs in the present case did not allege that Kellogg and Big Trees have such a relationship to Bell's customers. The court concluded that to hold Kellogg and Big Trees liable for the losses incurred by all of Bell's customers would place an entirely unreasonable burden on their activities.

The court further found that plaintiff failed to allege sufficient facts in count VII to support the claim of tortious interference with contract relations against Kellogg and Big Trees. Accordingly, the court dismissed counts I through III against Bell, and counts V through VII against Kellogg and Big Trees.

■■ It is well established that a cause of action should be dismissed on the pleadings only if it is clearly apparent that no set of facts can be proved which will entitle the plaintiff to recover. (*DiBenedetto v. Flora Township* (1991), 219 Ill. App. 3d 1091, 580 N.E.2d 647.) When the legal sufficiency of a complaint is challenged by a section 2—615 motion to strike or dismiss, all well-pleaded facts in the complaint must be taken as true, and "a reviewing court must determine whether the allegations of the complaint, when interpreted in the light most favorable to the plaintiff, are sufficient to set forth a cause of action upon which relief may be granted." *Burdinie v. Village of Glendale Heights* (1990), 139 Ill. 2d 501, 505, 565 N.E.2d 654.

■■ We first address plaintiff's contention that the trial court erred in dismissing the negligence and willful and wanton claims as being too remote for recovery. At the outset, we note that the question concerns legal, not factual, remoteness. (*Dundee Cement Co. v. Chemical Laboratories Inc.*, 712 F.2d 1166.) While courts often refer to remoteness or lack of foreseeability, most cases that preclude a plaintiff from recovering against a defendant for economic losses actually are based on the legal policy that, regardless of foreseeability, a certain type of plaintiff should not be able to recover against a negligent defendant. *Dundee Cement*, 712 F.2d 1166.

In *Dundee Cement*, the court had occasion to interpret the remoteness doctrine. The *Dundee* court, applying Illinois law, dismissed a suit against a chemical company whose truck spilled flammable liquid on a highway, causing the road to be closed and blocking plaintiffs' customer access. The court held that the economic losses resulting when customers could not gain access to plaintiffs' property were, as a matter of law, too remote to allow recovery even where the losses are proved and shown to be proximately caused by the defendant's tortious conduct. The award of lost profits is allowed in limited circumstances, such as instances where the defendant has intentionally harmed the plaintiff, or when the plaintiff or his property is physically harmed. *Dundee Cement*, 712 F.2d 1166.

The court in *Dundee* reasoned that the result of allowing such suits would, in effect, make a tortfeasor an insurer for the economic losses suffered by those inconvenienced by his negligent action. The

court alluded to the potential difficulty such cases present for finding a sensible stopping point for liability, writing that:

> "[T]here is a legitimate fear that a crushing burden of litigation would result from allowing recovery for economic damages like this. The multiversant possibilities of such litigation are staggering to the imagination." *Dundee Cement*, 712 F.2d at 1172.

In its decision, the court in *Dundee* relied in part upon the rationale employed in *Koskela v. Martin* (1980), 91 Ill. App. 3d 568, 414 N.E.2d 1148, wherein this court held that a handicapped child could not bring an action for loss of parental services, companionship, society and affection against the negligent owner and driver of a truck which collided with a car driven by the child's father. The child alleged that the accident rendered her father unable either to provide her with needed special care or to drive her to school. The court in *Koskela* recognized:

> "Requiring a defendant who has tortiously injured one person to pay for resulting losses experienced by every other person would place an entirely unreasonable burden on all human activity." *Koskela*, 91 Ill. App. 3d at 572, 414 N.E.2d at 1151.

■ Plaintiff argues that this case is factually distinguishable from *Dundee Cement*, because vehicular accidents such as that which occurred in *Dundee Cement* produce such disparate and random consequences in terms of damages both to person or property, or in terms of ensuing economic loss, and generally involve strangers who cannot be foreseeably classified in any meaningful manner. Further, plaintiff urges that under Illinois law, a limited exception to the rule of nonliability exists when there is a special relationship between a negligent party and a third party who is economically injured. (*Ogle v. Fuiten* (1983), 112 Ill. App. 3d 1048, 445 N.E.2d 1344 (negligence action by nonclients against an attorney in preparing wills that had named the plaintiffs as beneficiaries).) However, we find plaintiff's attempt to distinguish this case to be unavailing, in light of the holding in *Dundee* which unequivocally states that simply because plaintiff is a user of a particular service, it does not create a special relationship.

Applying the principles established in *Dundee Cement* as well as other instances cited above wherein the remoteness doctrine was invoked as sound public policy, we conclude that as a matter of law, the damages sought by plaintiff for the day-long cessation of service to an indeterminate class of plaintiffs is too remote to permit recovery.

■ Plaintiff next contends that a sufficient cause of action was pled for intentional interference with a contractual relationship

against Kellogg and Big Trees. The five elements necessary to state a cause of action for this tort include: (1) the existence of a valid and enforceable contract between plaintiff and a third person; (2) defendant's knowledge of the existing contract; (3) defendant's intentional and malicious inducement of the breach; (4) a subsequent breach by a third person; and (5) damage to the plaintiff. (*Skopp v. First Federal Savings* (1989), 189 Ill. App. 3d 440, 545 N.E.2d 356.) The acts that form the basis of tortious interference must be directed at parties other than the plaintiff. (*Scheduling Corp. of America v. Massello* (1983), 119 Ill. App. 3d 355, 456 N.E.2d 298.) The trial court here concluded that plaintiff failed to allege sufficient facts to show that Kellogg and Big Trees intentionally and maliciously caused Bell to breach its agreement with plaintiff, or even that Kellogg and Big Trees were aware of the existence of the specific contract.

■ After close review of the record, we concur with the trial judge's assessment that plaintiff failed to state a cause of action for the claim of intentional interference with contractual relations. We first note that plaintiff failed to demonstrate that Kellogg and Big Trees had knowledge of the existing contracts between Bell and members of the class. Plaintiff's statement that the contracts at issue were "partially written, partially oral" is insufficient to sustain a cause of action. In order to establish the existence of a contract, a pleader must allege facts sufficient to indicate offer, acceptance, and consideration. *J. Meyer & Co. v. Illinois Bell Telephone Co.*, 88 Ill. App. 3d at 53, 409 N.E.2d at 561, citing *Pollack v. Marathon Oil Co.* (1976), 34 Ill. App. 3d 861, 341 N.E.2d 101.

Nor does plaintiff provide sufficient facts to demonstrate that Kellogg and Big Trees deliberately intended to breach the contract by excavating in the area without first contacting JULIE. Plaintiff's assertions that defendants willfully and wantonly severed fiber optic cables and failed to contact JULIE before commencing digging in the area are unsupported by specific facts. Such conclusory allegations are insufficient to support a cause of action. In order to state a cause of action, a complaint must contain facts necessary to recover; mere allegations of legal conclusions are not sufficient. (*Santelli v. City of Chicago* (1991), 222 Ill. App. 3d 862, 584 N.E.2d 456.) We find, therefore, that the trial court properly concluded that plaintiff failed to state a cause of action for intentional interference with contractual relations.

In light of our ruling that the doctrine of remoteness precludes plaintiff's recovery, we need not reach the merits of its argument suggesting that revision of the *Moorman* doctrine is a suitable alterna-

tive, or that Bell's tariff should not have precluded plaintiff's recovery of consequential damages.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

EGAN, P.J., and RAKOWSKI, J., concur.