CORA LEE LEWIS, Conservator of the Estate of Kenneth Brock, Plaintiff-Appellee, *v.* RIVERSIDE HOSPITAL *et al.*, Defendants—(Aetna Casualty & Surety Company of Illinois, Intervenor-Appellant).

First District (3rd Division)   No. 82—773

Opinion filed July 20, 1983.—Rehearing denied August 15, 1983.

Clausen, Miller, Gorman, Caffrey & Witous, P.C., of Chicago (James T. Ferrini and Kevin J. Glenn, of counsel), for appellant.

Frank J. Mackey and Charles Wolff, both of Chicago (Sidney Z. Karasik, of counsel), for appellee.

JUSTICE WHITE delivered the opinion of the court:

Aetna Casualty & Surety Company of Illinois (Aetna), the worker's compensation insurance carrier for Kenneth Brock's employer, appeals from an order of the circuit court of Cook County distributing the proceeds from the settlement of a lawsuit and temporarily suspending future workers' compensation payments by Aetna to the conservator of Brock's estate. The issues presented are: whether the circuit court properly determined the amount of credit against payment of future workers' compensation benefits to which Aetna is entitled; whether the conservator's attorney fees were properly assessed against this credit; and whether litigation costs assessed against Aetna should have been charged against the credit.

The relevant facts are largely undisputed. Kenneth Brock suffered severe injuries while in the course of his employment with Park-Ohio Industries, Inc., a division of Bennett Industries, Inc., and he was treated for these injuries by certain physicians at Riverside Hospital

in Kankakee, Illinois. Subsequently, plaintiff, Cora Lee Lewis, conservator of the estate of Kenneth Brock, brought an action sounding in professional medical negligence and strict liability against the treating physicians, Riverside Hospital, and certain manufacturers of equipment used in Brock's treatment. Since Aetna was the workers' compensation insurance carrier for Brock's employer, it was permitted to intervene so that it could protect its subrogation rights under section 5 of the Workers' Compensation Act (Ill. Rev. Stat. 1981, ch. 48, par. 138.5).

The aforementioned lawsuit was settled for $2,100,000. At the time of the settlement, the lien for workers' compensation benefits already paid by Aetna was $539,929.36, and as part of the settlement it was agreed that $350,000 would be paid to Aetna as the net recovery on its lien for benefits already paid. This $350,000 was a net figure, arrived at after deducting from the lien amount statutory attorney fees that would have otherwise been due on the lien amount and after deducting a portion of the pending lien amount which Aetna agreed to compromise in an effort to achieve the settlement.

The final order from which this appeal is taken requires Aetna to pay to an attorney for the conservator the sum of $20,678.65, the amount expended by the conservator's attorneys in preparation and presentation of the case. This order also calculates the amount of the proceeds that should be paid to the conservator as follows:

| | |
|---|---|
| "Settlement | $2,100,000.00 |
| Deductions: | |
| (a) Pay to [Aetna] in accordance with its agreement to accept $350,000.00 net on its lien for $540,000.00 already expended | 350,000 |
| (b) Pay Plaintiff's attorneys' fees | 700,000 |
| Net Proceed to the Conservator | $1,050,000.00" |

The order also fixes this $1,050,000 as the amount of credit to which Aetna was entitled against the payment of future workers' compensation payments. The order states: "[A]ll compensation payments by

[Aetna] to the disabled person shall be suspended, and no payment shall be necessary to be made by [Aetna] to the disabled person, until the amount of expenses for compensation and care and maintenance of the disabled person equals the amount of the net sum recovered by the Conservator on behalf of the disabled person, namely $1,050,000.00, when at which time [Aetna] will resume payments as provided in the decision of the Industrial Commission in the proceedings entitled, 'Cora Lee Lewis, guardian of the Estate of Kenneth Brock v. Bennett Industries, Industrial Commission No. 74 WC 11450,' ***.''

Aetna contends that the circuit court's calculation of the amount of the credit against future workers' compensation benefits is improper. In doing so, it relies upon *Jones v. Melroe Division, Clark Equipment Co.* (1981), 102 Ill. App. 3d 1103, 430 N.E.2d 1385, and that court's construction of section 5(b) of the Workers' Compensation Act (Ill. Rev. Stat. 1981, ch. 48, par. 138.5(b)). Section 5(b) provides:

"Where the injury or death for which compensation is payable under this Act was caused under circumstances creating a legal liability for damages on the part of some person other than his employer to pay damages, then legal proceedings may be taken against such other person to recover damages notwithstanding such employer's payment of or liability to pay compensation under this Act. In such case, however, if the action against such other person is brought by the injured employee or his personal representative and judgment is obtained and paid, or settlement is made with such other person, either with or without suit, then from the amount received by such employee or personal representative there shall be paid to the employer the amount of compensation paid or to be paid by him to such employee or personal representative including amounts paid or to be paid pursuant to paragraph (a) of Section 8 of this Act.

Out of any reimbursement received by the employer pursuant to this Section, the employer shall pay his pro rata share of all costs and reasonably necessary expenses in connection with such third-party claim, action or suit and where the services of an attorney at law of the employee or dependents have resulted in or substantially contributed to the procurement by suit, settlement or otherwise of the proceeds out of which the employer is reimbursed, then, in the absence of other agreement, the employer shall pay such attorney 25% of the gross amount of such reimbursement."

Applying the formula for calculation of the credit involved in *Jones* (102 Ill. App. 3d 1103, 1109-10), Aetna computes the credit to which it is entitled as follows:

"GROSS REIMBURSEMENT

| | |
|---|---:|
| 1. Settlement amount | $2,100,000.00 |
| 2. Benefits paid | 539,929.36 |
| Gross Reimbursement | 2,639,929.36 |

DISTRIBUTION OF CREDIT

| | |
|---|---:|
| 1. Gross Reimbursement | 2,639,929.36 |
| 2. Credit for repayment of benefits paid | 539,929.36 |
| Gross Credit | 2,100,000.00 |
| 3. Attorney's fees at 25 per cent | 525,000.00 |
| [2,100,000 x .25 = 525,000] | |
| 4. Litigation costs | 0.00 |
| (paid by Intervenor, thus the Conservator is not entitled to credit for this) | |
| Net Credit | $1,575,000.00" |

■ We find two errors in this formula for computation of Aetna's credit. First, in our opinion, "benefits paid" should not be added to "settlement amount" in determining "gross reimbursement." Although the *Jones* formula requires such an addition, we can see no reason either in the words of section 5 or in logic to add the benefits paid to the settlement amount. Rather, the statute requires that "from the amount received by such employee or personal representative [from a judgment or settlement] there shall be paid to the employer the amount of compensation paid or to be paid by him to such employee or personal representative." (Ill. Rev. Stat. 1981, ch. 48, par. 138.5(b).) Applying this language to the instant case results in the following calculation:

| | |
|---|---:|
| Settlement amount | $2,100,000.00 |
| Less: Workers' compensation already paid | 539,929.36 |
| Gross credit to Aetna for compensation to be paid (before attorney fees and costs). | $1,560,070.64 |

In this manner, dollars reimbursed to Aetna for workers' compensa-

tion benefits already paid are not included in the amount of the credit to Aetna against payments to be made by it in the future. Accordingly, we believe that Aetna's formula incorrectly computes the amount of the credit on the basis of a figure which adds benefits already paid to the settlement amount.

Secondly, we believe that Aetna's formula does not subtract the proper amount of attorney fees from the "gross credit." As noted above, Aetna had a lien for workers' compensation benefits already paid of $539,929.36. It agreed to accept $350,000 as its recovery on that lien, and this $350,000 figure was arrived at, in part, by deducting from the lien amount statutory attorney fees that would have otherwise been due on the lien amount. Thus, Aetna, in effect, has already paid attorney fees on $539,929.36 of the $2,100,000. Therefore, the gross credit should only be reduced by statutory attorney fees on $1,560,070.64, the difference between $2,100,000 and $539,929.36.

Accordingly, for the reasons stated above, we cannot accept Aetna's formula for the computation of the credit against future workers' compensation benefits.

Before stating what we believe is the proper formula for determination of the net amount of Aetna's credit, we address the other issues raised by Aetna. Aetna argues that the trial court's calculation of the credit to which it is entitled erroneously imposes a 33⅓% attorney fee upon Aetna. Actually, the circuit court's computation of the credit did not expressly consider the conservator's attorney fees. The circuit court's order merely states that the credit to Aetna is equal to the net proceeds received by the conservator as a result of the settlement. The amount of the net proceeds, however, was determined, in part, by subtracting the conservator's attorney fees from the settlement amount. In the circuit court's computation, $700,000 in attorney fees were subtracted from the settlement of $2,100,000. Seven hundred thousand dollars is clearly 33⅓% of the settlement figure.

■ Section 5(b) clearly provides: "[W]here the services of an attorney at law of the employee or dependents have resulted in or substantially contributed to the procurement by suit, settlement or otherwise of the proceeds out of which the employer is reimbursed, then, in the absence of other agreement, the employer shall pay such attorney 25% of the gross amount of such reimbursement." (Ill. Rev. Stat. 1981, ch. 48, par. 138.5(b).) Further, the words "in the absence of other agreement" have been construed by Illinois courts to refer to an agreement between the employer-intervenor and the employee or his attorney. (*Vandygriff v. Commonwealth Edison Co.*

(1979), 68 Ill. App. 3d 396, 397, 386 N.E.2d 318; *Kimpling v. Canty* (1973), 13 Ill. App. 3d 919, 922, 300 N.E.2d 839; *Railkar v. Boll* (1970), 125 Ill. App. 2d 203, 206, 260 N.E.2d 851.) In the instant case, there was no such agreement between the employer or Aetna and the conservator or her attorneys. Thus, the only basis upon which the conservator's attorneys can recover attorney fees from Aetna is section 5 of the Workers' Compensation Act, and that statute specifically provides for an attorney fee of "25% of the gross amount of such reimbursement."

A 25% statutory attorney fee is appropriate in the instant case. Twenty-five percent of the settlement amount of $2,100,000 is $525,000. This $525,000, however, must be allocated between the amount reimbursed to Aetna for benefits already paid and the credit to Aetna against the payment of future workers' compensation benefits. Thus, the attorney fees on the amount reimbursed to Aetna, $539,929.36, are $134,982.34,[1] and the attorney fees allocable to the credit are $390,017.66.[2]

■ Aetna's last contention is that the circuit court's order improperly requires it to pay the litigation costs. We agree with Aetna's contention that the circuit court erred in requiring Aetna to pay all the litigation costs. Section 5(b) provides: "Out of any reimbursement received by the employer pursuant to this Section, the employer shall pay his *pro rata* share of all costs and reasonably necessary expenses in connection with such third-party claim, action or suit." Thus, the circuit court should have ordered Aetna to pay out of the money reimbursed to it its *pro rata* share of the litigation costs of $20,678.65. The pro rata litigation costs on the amount reimbursed to Aetna, $539,929.36, are $5,376.45.[3] The remainder of the litigation costs, $15,302.20,[4] should have been taken as a deduction in computing the amount of the credit to which Aetna is entitled.

In light of the aforementioned conclusions, we believe that the credit against the payment of future workers' compensation benefits to which Aetna is entitled should be computed as follows:

---

[1]$539,929.36 x .25 = $134,982.34.

[2]($2,100,000 - 539,929.36) x .25 = $390,017.66. The sum of $390,017.66 and $134,982.34 is $525,000.

[3]539,929.36 ÷ 2,100,000.00 = .26; $20,678.65 x .26 = $5,376.45.

[4]See note 3; 1.00 - .26 = .74; $20,678.65 x .74 = $15,302.20.

| Settlement amount | | $2,100,000.00 |
| Less: Workers' compensation already paid (includes 25% statutory attorney fee of $134,982.34) | | 539,929.36 |
| Gross credit to Aetna for compensation to be paid | | 1,560,070.64 |
| Less: Litigation costs allocable to $1,560,070.64 | 15,302.20 | |
| Less: 25% statutory attorney fees allocable to $1,560,070.64 | 390,017.66 | 405,319.86 |
| Net Credit | | $1,154,750.78 |

Accordingly, we reverse those parts of the order of the circuit court of Cook County that require Aetna to pay all the litigation costs and that determine the amount of credit to which Aetna is entitled, and we remand this matter to the circuit court with the instruction that it enter an order consistent with this opinion.

Reversed and remanded.

McNAMARA, P.J., and McGILLICUDDY, J., concur.