978

ELDRIGE MURRAY *et al.*, Plaintiffs-Appellees, v. LINCOLNSHIRE GROUP, LTD., *et al.*, Defendants and Intervening Defendants (Lincolnshire Group, Ltd., Third-Party Plaintiff; Enterprise Ready Mix *et al.*, Third-Party Defendants; Travelers Insurance Company, Intervening Plaintiff-Appellant).

First District (1st Division)   No. 87—0618

Opinion filed January 11, 1988.

Elliot R. Schiff and Loretta M. Griffin, both of O'Connor & Schiff, of Chicago, for appellant.

Benjamin H. Cohen, of Schwartzberg, Barnett & Cohen, of Chicago, for appellees.

JUSTICE O'CONNOR delivered the opinion of the court:

Intervenor, Travelers Insurance Company (Travelers), appeals from the order of the circuit court of Cook County granting fees to the law firm of Grubman and Nathan (Grubman and Nathan), which represented the plaintiff, Eldridge Murray (Murray), and granting costs to Murray.

On appeal, Travelers contends that (1) Grubman and Nathan was not entitled to 25% fees pursuant to section 5(b) of the Workers' Compensation Act (Ill. Rev. Stat. 1985, ch. 48, par. 138.5(b)) out of the reimbursement Travelers received in the settlement reached with the third-party tortfeasor; and (2) Murray was not entitled to a *pro rata* share of costs out of that reimbursement. For the following reasons, we affirm.

On December 4, 1979, Murray was injured during the scope and course of his employment with the Dominion Concrete Company (Dominion). Travelers insured Dominion, and under the Workers' Compensation Act (Ill. Rev. Stat. 1985, ch. 48, par. 138.1 *et seq.*), com-

menced payment of benefits to Murray.

Murray sued the Lincolnshire Group (Lincolnshire Group), the contractor at the jobsite where he was injured, while his application for adjustment of claim was pending before the Industrial Commission. Lincolnshire Group, in separate third-party complaints, sued Dominion and Enterprise Ready Mix Company (Enterprise), the owner of a cement mix truck on the jobsite at the time of Murray's injury. Enterprise then counterclaimed against Dominion. Thereafter, Travelers intervened to protect its right of subrogation. (Travelers' lien)

The law firm of Arnold Grubman and Associates (now Grubman and Nathan) represented Murray in both the Industrial Commission proceeding and the common law litigation. The law firm of O'Connor and Schiff, which represented Travelers, sent Grubman and Nathan a letter on November 26, 1986, suggesting that Grubman and Nathan owed Travelers a fiduciary duty to protect Travelers' lien. In the letter, O'Connor and Schiff requested that Grubman and Nathan clarify whether it was claiming a 25% fee pursuant to statute (Ill. Rev. Stat. 1985, ch. 48, par. 138.5(b)), and further stated that if Grubman and Nathan was going to settle the case requesting a waiver of Travelers' lien, then a conflict of interest existed.

On December 2, 1985, Grubman and Nathan responded, clarifying that it did not represent Travelers, only Murray, and that it owed Travelers no fiduciary duty. Grubman and Nathan further stated that the firm was requesting, as part of an overall settlement package, a waiver of Travelers' lien. Furthermore, the firm would waive its right to statutory fees to the benefit of Murray, assuming the firm was "fully, fairly and reasonably compensated for [its] services based on [its] contract with [Murray] from the present cash value of any structured settlement which might be entered into by the [parties.]" In addition, Grubman and Nathan noted that Travelers was the insurance carrier not only for Dominion under workers' compensation, but was also the liability carrier for Dominion and the Lincolnshire Group.

During settlement negotiations, Grubman and Nathan demanded a waiver of Travelers' lien.

On January 30, 1986, the common law action, including the counterclaims and third-party complaints, was dismissed by stipulation of the parties. A settlement was reached for $2,025,000. Additionally, in settlement of the matter before the Industrial Commission, Travelers agreed to pay Murray $150,000 as a final settlement of all claims for present and future medical expenses. It was agreed that the $150,000 would not be subject to Travelers' right of subrogation.

Furthermore, Murray's affidavit before the Industrial Commis-

sion, which Grubman and Nathan prepared, stated that out of the $150,000, Murray's attorneys would receive $30,000, which represented 20% of the gross amount proposed to be paid under the Workers' Compensation Act. The arbitrator, however, reduced that fee to $100.

In addition, Grubman and Nathan sought a statutory fee of $88,068.04 from Travelers based on 25% of the monies recovered by Travelers under the subrogation aspects of the Workers' Compensation Act, $352,272.18. Grubman and Nathan also sought Murray's proportionate share of costs from Travelers, which amounted to $366.95 out of costs totalling $2,109.38.

Subsequently, Travelers filed its response to Grubman and Nathan's petition for fees, stating that the firm was not entitled to any fees because it did not represent Travelers' interests, and in fact acted adverse to those interests by requesting a waiver of Travelers' lien. Travelers asserted that it had paid Murray $502,272.18 (the $352,272.18 it had paid previously, plus $150,000 in the settlement), but was reimbursed only $352,272.18, because as part of the settlement it agreed to be reimbursed only $352,272.18 as full settlement of the workers' compensation subrogation interests and lien. However, Travelers was under the impression that there would be no fees paid to Grubman and Nathan, as the firm was not entitled to them. Travelers further claimed that Grubman and Nathan had waived its right to fees by its letter of December 2, 1985. Finally, Travelers requested a denial of Grubman and Nathan's petition plus costs under section 2—611 of the Civil Practice Law (Ill. Rev. Stat. 1985, ch. 110, par. 2—611) or, in the alternative, an order requiring that Travelers be reimbursed for the $150,000.

The trial court denied Travelers' motion for section 2—611 costs and for reimbursement of the $150,000, and granted Grubman and Nathan's petition for $88,068.04 in fees and $366.95 in costs to Murray. The court subsequently denied Travelers' motion for reconsideration.

Travelers contends that the trial court erred in granting Grubman and Nathan statutory attorney fees under section 5(b) of the Workers' Compensation Act. (Ill. Rev. Stat. 1985, ch. 48, par. 138.5(b).) Travelers argues that fees are not automatically awarded under that section, but are conditional upon the "absence of other agreement" and are prohibited when the attorney places himself in a conflict of interest.

Travelers alleges that while Grubman and Nathan represented Murray, the interests of Murray and Travelers became adverse when

Grubman and Nathan, in attempting to settle with the Lincolnshire Group, requested a waiver of the subrogation rights of Travelers. Travelers argues that in order for the attorneys to have qualified for fees under section 5(b), they must have performed a service for the lienholder (Travelers) in a representative capacity.

Furthermore, Travelers contends that there existed an "other agreement" between Grubman and Nathan and Travelers by the letter Grubman and Nathan sent Travelers stating that its client was Murray, not Travelers, and that Grubman and Nathan would waive its right to statutory fees under the Act to the benefit of Murray, assuming the firm was reasonably compensated under its contract with Murray.

Additionally, Travelers contends that Grubman and Nathan waived its right to statutory fees by its letter to Travelers and that the firm should be estopped from now claiming such fees.

Section 5(b) of the Illinois Workers' Compensation Act provides in relevant part:

> "Out of any reimbursement received by the employer pursuant to this Section, the employer shall pay his pro rata share of all costs and reasonably necessary expenses in connection with such third-party claim, action or suit and where the services of an attorney at law of the employee or dependants have resulted in or substantially contributed to the procurement by suit, settlement or otherwise of the proceeds out of which the employer is reimbursed, then, in the absence of other agreement, the employer shall pay such attorney 25% of the gross amount of such reimbursement." Ill. Rev. Stat. 1985, ch. 48, par. 138.5(b).

■ In order to deprive an attorney of fees under section 5(b), there must be another agreement between the employer or his workers' compensation carrier and the employee or his attorney. (*Lewis v. Riverside Hospital* (1983), 116 Ill. App. 3d 845, 850-51, 452 N.E.2d 611; *Kimpling v. Canty* (1973), 13 Ill. App. 3d 919, 922, 300 N.E.2d 839.) In the instant case, Travelers argues that the other agreement which existed between it and Grubman and Nathan was in Grubman and Nathan's letter of December 2, 1985, in which the firm allegedly waived its right to statutory fees. We disagree.

■ In that letter, Grubman and Nathan merely informed Travelers that its client was Murray, and further suggested that the firm would waive its right to fees if Travelers agreed to the settlement, including Travelers' waiving its lien. Travelers ultimately declined to waive its lien, except for the $150,000. Therefore, as the letter advised, Grubman and Nathan waived its statutory fees as to the

$150,000, but not as to the $352,272.18, and the firm was thus entitled to 25% fees out of that part of the reimbursement that Travelers did not waive, the $352,272.18. Consequently, we agree with the finding of the trial court that Grubman and Nathan's letter of December 2, 1985, did not constitute an effective waiver of Grubman and Nathan's right to statutory fees.

Travelers contends that another reason an attorney would be deprived of fees under section 5(b) would be if there was a conflict of interest, and in the instant case, a conflict existed because Grubman and Nathan acted contrary to Travelers' interests by requesting a waiver of the lien. We disagree.

■■■ Where an employee's attorney substantially contributes to a settlement reached with a third-party tortfeasor and the employer's insurer is reimbursed out of the proceeds of that settlement, both of which occurred in the present case, the insurer must pay the attorney "25% of the gross amount of such reimbursement." (*E.g., Page v. Hibbard* (1986), 142 Ill. App. 3d 788, 796-97, 491 N.E.2d 1374, *affirmed in part and reversed in part on other grounds* (1987), 119 Ill. 2d 41; *Griffin v. Dillinger* (1983), 117 Ill. App. 3d 213, 218, 452 N.E.2d 851; *Lewis v. Riverside Hospital* (1983), 116 Ill. App. 3d 845, 850-51, 452 N.E.2d 611; Ill. Rev. Stat. 1985, ch. 48, par. 138.5(b).) In addition, the legislative purpose of section 5(b) is to ensure that employers pay their fair share of benefits derived from their employees' tort recoveries against third parties (*Griffin v. Dillinger* (1983), 117 Ill. App. 3d 213, 218, 452 N.E.2d 851; *Williams, McCarthy, Kinley, Rudy & Picha v. Northwestern National Insurance Group* (7th Cir. 1984), 750 F.2d 619, 625), a purpose which would not be fulfilled if Grubman and Nathan is denied fees out of Travelers' reimbursement. Moreover, "[i]t is readily apparent that employees' attorneys will often represent interests which are somewhat different than the interests of employers in cases such as this." *Page v. Hibbard* (1986), 142 Ill. App. 3d 788, 797, 491 N.E.2d 1374, *affirmed in part and reversed in part on other grounds* (1987), 119 Ill. 2d 41.

Consequently, the trial court properly awarded Grubman and Nathan 25% fees out of the amount Travelers was reimbursed from the Lincolnshire Group.

Travelers also contends that the trial court improperly granted Murray costs because both the stipulation to dismiss and the dismissal order stated that the case was being dismissed "without cost to either party." We disagree.

■■ Because Grubman and Nathan substantially contributed to the settlement with the Lincolnshire Group, and Travelers was reim-

bursed out of that settlement, Travelers must pay its *pro rata* share of costs incurred in connection with the third-party claim. (*Griffin v. Dillinger* (1983), 117 Ill. App. 3d 213, 218, 452 N.E.2d 851; *Lewis v. Riverside Hospital* (1983), 116 Ill. App. 3d 845, 851, 452 N.E.2d 611; Ill. Rev. Stat. 1985, ch. 48, par. 138.5(b).) Therefore, the trial court properly awarded Murray costs.

Accordingly, the judgment of the circuit court of Cook County, awarding Grubman and Nathan $88,068.04 in fees and awarding Murray $366.95 in costs, is affirmed.

Affirmed.

QUINLAN and MANNING, JJ., concur.