ROBERT J. LANGLEY, Plaintiff-Appellee, v. H.K. FERGUSON COM-
PANY, Third–Party Defendant-Appellant.

Fifth District  No. 5—87—0722

Opinion filed August 2, 1989.

Stephen J. Maassen, of Hoagland, Fitzgerald, Smith & Pranaitis, of
Alton, for appellant.

Robert D. Larson, of Smith, Larson, Pitts, Walters & Metz, Ltd., of
East Alton, for appellee.

JUSTICE LEWIS delivered the opinion of the court:

The sole issue presented by the appellant is "whether the struc-
tured settlement entered into by the Plaintiff without the consent of
his employer, adequately protects the employer's lien as imposed by
the Worker's Compensation Act."

The plaintiff, Robert J. Langley, was injured while working for
the appellant herein, H.K. Ferguson Company (hereafter referred to
as Ferguson), as the general superintendent on a construction project.

The plaintiff subsequently brought suit against a number of parties, as described in a prior appeal in this case, *Langley v. J.L. Simmons Contracting Co.* (1987), 152 Ill. App. 3d 899, 504 N.E.2d 1328. From his workers' compensation claim against Ferguson, who is a third-party defendant in the suit, the plaintiff received $103,364.03. Ferguson asserted a lien against any judgments or settlements obtained by the plaintiff from third parties (Ill. Rev. Stat. 1985, ch. 48, par. 138.5(b)). The plaintiff and one of the defendants, Wilbur Waggoner Equipment Rental and Excavating Company (hereafter referred to as Waggoner), negotiated a settlement agreement in the amount of $150,000. In the earlier appeal we determined that, of the settlement with Waggoner, the plaintiff was entitled to retain $46,635.97 and Ferguson was entitled to recoup $103,364.03.

Following the disposition of the prior appeal, Ferguson moved on April 1, 1987, that the trial court enter an order compelling the plaintiff and his attorney to endorse the settlement check issued on behalf of Waggoner. In its motion Ferguson stated that the plaintiff had reached a settlement with Waggoner in the present cash value amount of $150,000, of which $75,000 was to be received as a lump-sum payment and the remaining $75,000 was to be paid by means of an annuity at the rate of $1,000 per month. The annuity was to be paid at that rate for 10 years. Ferguson stated that the amount of the lien recoverable, less attorney fees of 25%, was $77,523.02. Ferguson sought an order requiring endorsement, by plaintiff and his attorney, of the check issued on behalf of Waggoner as a lump-sum payment in the amount of $75,000. Ferguson sought as well an order compelling the plaintiff to make payments to its insurer totaling $2,523.02 from the plaintiff's next three annuity payments received pursuant to the settlement agreement. On April 30, 1987, the trial court ordered endorsement by the plaintiff of the check in question or, in the event of plaintiff's failure to comply, reissuance of the check, payable to Ferguson's insurer and to plaintiff's attorney. Another check appears to have been issued.

Thereafter, on June 30, 1987, Ferguson moved that the trial court enter an order compelling the plaintiff's attorney to endorse a check in the amount of $75,000, issued on behalf of Waggoner as the lump-sum payment, to Ferguson's insurer and plaintiff's attorney. In the motion Ferguson stated that it had not been a party to the settlement agreement between plaintiff and Waggoner and did not approve the settlement. In the motion Ferguson said:

"Plaintiff's attorney contends that he is entitled to [25%] of the [$75,000] check issued by [Waggoner's insurer]. [Ferguson]

does not dispute the fact that Plaintiff's attorney is entitled, by statute, to [25%] of the [$103,364.03] workers' compensation lien. However, deduction of that [25%] still leaves [$77,523.02] due and owing as reimbursement to [Ferguson]. Unless the [$75,000] lump sum payment is made payable to the carrier for [Ferguson], the employer, [Ferguson,] will have a cause of action for breach of its statutory lien, to the extent that the lien was not protected in the settlement entered into by the Plaintiff and his attorney, and the third party tortfeasor."

In its motion Ferguson stated as well:

"The Court's Order, compelling Plaintiff's attorney to endorse the [$75,000] lump sum payment to the carrier for the employer, does not leave Plaintiff's attorney without protection. [Ferguson] has filed a Non-Wage Garnishment action against the proceeds of the annuity, for the amount in excess of the [$75,000] lump sum payment, up to the full amount of the statutory lien. To the extent that garnishment proceeds can be applied to reimburse Plaintiff's attorney for the [25%] statutory fee, Plaintiff's attorney will be protected. However, Plaintiff's attorney, and not the employer, should be subject to the agreement entered into between the Plaintiff and the third party tortfeasor, which provided for annuity payments over a period of time. [Ferguson] was not a party to the settlement, and therefore reimbursement for its workers' compensation lien should not be subject to the annuity payment schedule. Plaintiff, and Plaintiff's attorney, should be subject to the benefit of the bargain which they negotiated, without the participation and approval of the employer."

The trial court subsequently entered an order on July 29, 1987, finding, *inter alia*, that plaintiff's counsel had filed the underlying lawsuit on April 5, 1982, and that Ferguson and its insurer had not availed themselves of their rights under section 5(b) of the Workers' Compensation Act (Ill. Rev. Stat. 1985, ch. 48, par. 138.5(b)) (hereafter referred to as the Act) to file suit, within three months of the action's being barred, against third parties who may have been responsible for the employee's injuries. The order required plaintiff's counsel to endorse the $75,000 check made out to him and to Ferguson's carrier and commanded payment of 25% of the $75,000 check to plaintiff's counsel. The court ordered the plaintiff to submit a list of itemized costs for the *pro rata* assessment of costs pursuant to section 5(b) of the Act and further ordered Ferguson and its insurer to pay 25% of all subsequent sums received as installments or payment

on the workers' compensation lien to the plaintiff's attorney "until the $103,364.03 has been recovered."

Thereafter Ferguson moved that the court reconsider this order entered on July 29, 1987. Ferguson stated that plaintiff's attorney had been paid 25% of the $75,000 but that the amount of $28,364.03 of the lien remained unpaid. Ferguson asserted that the plaintiff was at that time receiving $1,000 per month "in derogation and in violation of the worker's compensation lien" held by it and that it had filed a garnishment against the plaintiff and Waggoner's carrier to recover the $28,364.03 still subject to the lien. Ferguson asserted further:

"To the extent that Plaintiff's attorney has failed to protect the worker's compensation lien, in the amount of [$28,364.03, Ferguson] is required through its attorneys to seek a garnishment judgment for said annuity payments, which, if successful, will result in payments of [$1,000] per month, for a period of [28] months, and an additional payment in the amount of [$364.03].

*** To the extent that said garnishment action must be taken, Plaintiff's attorney has done nothing to protect the worker's compensation lien of [Ferguson], and said [Ferguson] has been required to retain its own counsel for recovery of said amount.

*** As a result of the foregoing, Plaintiff's attorney has not obtained a recovery of the worker's compensation lien, at least to the extent of [$28,364.03], and in fact has breached the statutory duties imposed by the Worker's Compensation Act."

In this motion Ferguson sought reconsideration by the trial court of that part of its order requiring payment of attorney fees on those sums received as installments after payment of the lump sum of $75,000. Ferguson sought

"an Order that while [Ferguson] is required to pay attorneys' fees for that portion of the compensation lien protected by Plaintiff's attorney, it is not required to pay attorney's fees for that portion of the worker's compensation lien which has not been protected, and which requires retention of separate counsel."

On September 25, 1987, the trial court denied Ferguson's motion to reconsider its order, and this appeal followed.

In its brief Ferguson argues that

"[a] problem arises because the [$150,000] settlement figure reflects the present cash value of a structured settlement, to be paid over time. The actual payments to be made over the life of

the structure, which reflect the true value of the payments involved, total [$195,000] ([$75,000] plus [$1,000] per month for [120] months). Reimbursement to the employer for its lien over time does not adequately protect the employer's rights."

For this proposition Ferguson relies on *Mounce v. Tri-State Motor Transit Co.* (1986), 150 Ill. App. 3d 806, 502 N.E.2d 53. Ferguson maintains that, under *Mounce*, section 5(b) of the Act requires either the consent of the employer or an order of the court protecting the employer's lien, neither of which, Ferguson says, occurred here. Ferguson contends that the order of the trial court

"is deficient on at least two separate grounds. First, the structured settlement itself does not adequately protect the employer's lien under Section 5(b) of the Act. Even if Ferguson is able to collect from the annuity payments made under the structure, full reimbursement will not be accomplished when the sums ultimately realized are discounted to their present value. Second, the court's Order requires payment of [25%] of any funds recovered by Ferguson, in its Non-Wage Garnishment action, to Plaintiff's attorney. The Order ignores the fact that Plaintiff's attorney failed in his duty to protect the employer's lien, and ignores that[,] as a result, Ferguson has been required to bring action for recovery of the annuity payments itself.

It is not disputed that Plaintiff's attorney is entitled by statute to [25%] of the amount properly reimbursed to the employer in protection of its lien."

Thus, Ferguson does not, as it did in the trial court, dispute payment of attorney fees from the $75,000 lump-sum payment but, rather, maintains that no attorney fees are due plaintiff's attorney on $28,364.03, which is the amount of its lien

"uncollected, as a direct result of the failure of the Plaintiff and the Court to properly protect the employer. Those funds can only be collected over time, and therefore full reimbursement cannot be accomplished. To the extent those funds are collected, such collection will not be the result of any efforts on the part of the Plaintiff's attorney, and he should not be entitled to compensation."

Ferguson asks us to reverse that part of the trial court's order requiring it to pay plaintiff's attorney 25% of any further recovery of its workers' compensation lien over and above the lump-sum payment of $75,000.

Plaintiff responds that the fund from which Ferguson is recovering its workers' compensation lien was obtained through the efforts of

his own counsel. Plaintiff states in his brief that Ferguson was present by counsel during some of plaintiff's negotiations for settlement with Waggoner as well as during the trial court's proceedings finding the settlement to have been made in good faith. Plaintiff argues that "[a]t no time did [Ferguson's] counsel object to the settlement as inadequately protecting [Ferguson's] workmen's compensation lien." Plaintiff cites us to certain pages of the trial transcript; however, the trial transcript has not been made available to us as part of the record upon review. Plaintiff relies primarily upon the recent case of *Murray v. Lincolnshire Group, Ltd.* (1988), 167 Ill. App. 3d 978, 522 N.E.2d 96.

Section 5(b) of the Act provides in pertinent part:

> "Out of any reimbursement received by the employer pursuant to this Section, the employer shall pay his pro rata share of all costs and reasonably necessary expenses in connection with such third-party claim, action or suit and where the services of an attorney at law of the employee or dependents have resulted in or substantially contributed to the procurement by suit, settlement or otherwise of the proceeds out of which the employer is reimbursed, then, in the absence of other agreement, the employer shall pay such attorney 25% of the gross amount of such reimbursement." Ill. Rev. Stat. 1985, ch. 48, par. 138.5(b).

In order to deprive an attorney of fees under section 5(b), there must be another agreement between the employer or his workers' compensation carrier and the employee or his attorney. (*Murray*, 167 Ill. App. 3d 978, 522 N.E.2d 96; *Lewis v. Riverside Hospital* (1983), 116 Ill. App. 3d 845, 452 N.E.2d 611; *Kimpling v. Canty* (1973), 13 Ill. App. 3d 919, 300 N.E.2d 839.) The words "in the absence of other agreement" have been construed by Illinois courts to refer to an agreement between the employer and the employee or his attorney. (*Lewis*, 116 Ill. App. 3d 845, 452 N.E.2d 611; *Vandygriff v. Commonwealth Edison Co.* (1979), 68 Ill. App. 3d 396, 386 N.E.2d 318; *Kimpling*, 13 Ill. App. 3d 919, 300 N.E.2d 839.) When an employee's attorney substantially contributes to a settlement reached with a third-party tortfeasor and the employer's insurer is reimbursed out of the proceeds of that settlement, in the absence of other agreement between the employer and the employee or his attorney, the insurer must, pursuant to section 5(b), pay the attorney "25% of the gross amount of such reimbursement." (*Murray*, 167 Ill. App. 3d 978, 522 N.E.2d 96; *Mounce*, 150 Ill. App. 3d 806, 502 N.E.2d 53.) Furthermore, the legislative purpose of section 5(b) is to ensure that employers pay their fair share of the cost of recovering benefits derived

by them from their employee's tort recoveries against third parties. *Murray*, 167 Ill. App. 3d 978, 522 N.E.2d 96; *Griffin v. Dillinger* (1983), 117 Ill. App. 3d 213, 452 N.E.2d 851.

■ We find no basis in the law to support Ferguson's contention that plaintiff's counsel is not entitled to attorney fees with respect to the amount of $28,364.03 because of alleged failure to protect Ferguson's workers' compensation lien in that amount. Ferguson does not suggest that another agreement existed between it or its carrier and the plaintiff or his attorney. Unquestionably, the plaintiff's attorney substantially contributed to the settlement reached with Waggoner, from which Ferguson has recovered sizable benefits. Although Ferguson asserts that plaintiff's counsel is not entitled to the attorney fees in question because he failed in his alleged duty to protect the employer's lien, we note the observation of the court in *Mounce* that "[s]ection 5(b) of the Workers' Compensation Act (Ill. Rev. Stat. 1985, ch. 48, par. 138.5(b)) provides that the duty of protecting the employer's lien lies with the court" (*Mounce*, 150 Ill. App. 3d at 810, 502 N.E.2d at 56). We note too that employers' attorneys often represent interests that are somewhat different from those of employers in cases such as this (*Murray*, 167 Ill. App. 3d 978, 522 N.E.2d 96; *Page v. Hibbard* (1986), 142 Ill. App. 3d 788, 491 N.E.2d 1374, *aff'd in part and rev'd in part on other grounds* (1987), 119 Ill. 2d 41, 518 N.E.2d 69). Indisputably Ferguson must pay its fair share of the cost of recovering the benefits it has recovered. It cites neither law nor policy that justifies excusing it from paying the fee statutorily imposed for the services and benefits it has received.

Ferguson has not asked us on review to determine whether the settlement ought to be restructured for failure to provide it with full reimbursement when the amounts to be received as installments are discounted to their present value. Therefore, we do not consider that question.

Affirmed.

GOLDENHERSH and HOWERTON, JJ., concur.